**In the Matter of Maxine J. WADDELL.**

United States Bankruptcy Court,
N. D. Georgia.

March 9, 1982.

See also, Bkrtcy., 21 B.R. 452.

Maxine J. Waddell, Decatur, Ga., pro se.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On January 19, 1982, fifteen Chapter 13 debtors were ordered to appear before the undersigned and show cause why their cases should not be dismissed for failure to file within ten days of the filing of the petition all schedules and documents required by this court to complete their Chapter 13 petitions as required by Bankruptcy Rule 108(b). Eight of these debtors were represented by the same attorney, Maxine J. Waddell.

At the hearing, the court learned that in only one of Ms. Waddell's cases were the necessary papers still unfiled. That case was dismissed by the court. In the call of the seven other cases, Ms. Waddell responded orally that all documents had been filed. In subsequent investigation by the court of the files, five of the cases show that complete schedules and documents were filed on January 18, 1981, the day before the hearing; in two cases, complete documents were filed the same day as the hearing, January 19, 1982. The skeletal petitions, without the required schedules and other documents, however, had been filed as much as two to three months previously. The following table shows the dates on which these debtors' incomplete Chapter 13 petitions were filed and the dates on which complete documents were filed:

| CASE NUMBER | DEBTOR | SKELETAL PETITION FILED | COMPLETE DOCUMENTS FILED |
|---|---|---|---|
| 81–04212A | LINDA V. HARRIS | 10–6–81 | 1–18–82 |
| 81–04503A | LILLIAN HARRISON | 10–29–81 | 1–18–82 |
| 81–04616A | RUBEN M. GLENN | 11–3–81 | 1–19–82 |
| 81–04629A | PHYLLIS D. HUTCHINS | 11–3–81 | 1–18–82 |
| 81–04630A | GEORGE PEARSON, JR. | 11–3–81 | 1–19–82 |
| 81–04631A | CLARENCE MITCHELL | 11–3–81 | 1–18–82 |
| 81–04632A | JULUIS EVANS | 11–4–81 | 1–18–82 |

On February 16, 1982, thirteen Chapter 13 debtors were ordered to appear before the undersigned [1] and show cause why their cases should not be dismissed for failure to

1. This show cause policy of the Clerk's Office is being terminated for the future by this court.

At the hearing on February 16, 1982, the court learned from Ms. Waddell that she had filed

file completed Chapter 13 petitions within the alloted time. Ms. Waddell represented five of these debtors. In four[2] of the cases the debtor's skeletal petition was filed on December 1, 1981. The following table shows the current status of these cases:

| CASE NUMBER | DEBTOR | SKELETAL PETITION FILED | SUBSEQUENT ACTION TAKEN |
|---|---|---|---|
| 81–05087A | ESTELLE NORWOOD | 12–1–81 | Voluntary Dismissal filed 2–16–82 |
| 81–05088A | HORACE D. JONES | 12–1–81 | Complete Documents filed 2/12/82 |
| 81–05083A | PEGGY LEMUEL | 12/1/81 | Voluntary Dismissal filed 2/16/82 |
| 81–05082A | JERRY LEE EVANS | 12/1/81 | Voluntary Dismissal filed 2–16–82 |

This court is aware that debtors in some instances may need the immediate protection of the bankruptcy laws. Therefore, the filing of skeletal, or incomplete, petitions is allowed upon a proper application and approval, provided that, under Bankruptcy Rule 108(b) the schedules are to be filed within ten days. However, generally it is the debtor's attorney who benefits from this policy; the attorney may file a skeletal petition, collect attorney's fees, and complete the filing of the documents at his or her convenience within the requisite ten day period allowed by Bankruptcy Rule 108(b). The Rule provides that additional time may be allowed by the court upon a proper application and showing of exceptional need.

No application for additional time beyond the ten day grace period was requested in the above cases.

No Section 341 meetings of creditors or confirmation hearings have been held; yet these debtors' creditors have been stayed for up to three months by the automatic provisions of § 362(a).

The court finds that Ms. Waddell has abused the privilege of filing skeletal petitions under Bankruptcy Rule 108(b). The skeletal petitions in four additional cases, each assigned to the Honorable W. Homer Drake, U.S. Bankruptcy Judge. The following table shows the date on which these debtors' incomplete Chapter 13 petitions were filed and the date on which complete documents were filed:

| CASE NUMBER | DEBTOR | SKELETAL PETITION FILED | COMPLETE DOCUMENTS FILED |
|---|---|---|---|
| 82–00064A | MARVIN SIMS | 1–5–82 | 2–8–82 |
| 82–00055A | MARTHA STRICKLAND | 1–5–82 | 2–16–82 |
| 82–00053A | LEROY DUFFEY | 1–5–82 | 2–3–82 |
| 82–00057A | LOWELL W. DAVIS | 1–5–82 | 2–10–82 |

**2.** In the fifth case, Leroy S. Hickson, Case No. 81–05084A, the debtor's skeletal petition was filed on December 1, 1981. At the show cause hearing on February 16, 1982, Ms. Waddell informed the court that completed documents were filed in this case on December 1, 1981, *the same day the skeletal petition* was filed. The record shows, however, that the required documents were dated February 22, 1982.

A sixth case of Ms. Waddell's, Eva Rodgers, Case No. 81–05081A, was removed from the show cause calendar because documents completing her petition were filed on February 9, 1982. Ms. Rodgers' original petition was filed December 1, 1981.

Rule allowing an automatic grace period of ten days is designed and reserved for the exceptional occasional case in which it is impossible to prepare the schedules and documents to accompany the petition. Ms. Waddell has abused this privilege and has acted contrary to the Rule 108(b) and the policy of this court. She has created unnecessary paper work for the Clerk of this Court and has burdened this court with unnecessary hearings. This abuse of the privileges of Rule 108(b) also abuses the installment payment of filing fees allowed by 28 U.S.C. § 1930 and a rule of this court. Ms. Waddell paid only $15.00 filing fee in each of these cases.

In the case of Peggy Lemuel, No. 81–05083A, noted above, Ms. Waddell filed a petition for attorney fees in the amount of $675.00 on January 19, 1982. This sum is $175.00 in excess of the amount allowed in normal Chapter 13 cases by the U.S. Bankruptcy Court in the Northern District of Georgia. Ms. Waddell's petition [3] states that the "has rendered or is rendering," on behalf of this debtor the following services:

"(a) Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file a petition under Title 11, United States Code.

(b) Preparation and filing of the petition, schedules of assets and liabilities, and statements of affairs.

(c) Representation of the client at the first meeting of creditors."

The case was dismissed on February 16, 1982; however, Ms. Waddell's petition for excessive attorney fees has not been withdrawn.

Therefore, the court directs that Ms. Waddell shall receive no attorney's fee in any of the cases above listed until the question of reasonable attorney fees in each of these cases can be inquired into at the confirmation hearings. At the confirmation hearings the court will determine whether or not Ms. Waddell is to receive a fee for representing the debtors in these cases and the amount of her fees, if any, should be allowed. Even if these cases are confirmed the maximum fee to Ms. Waddell shall not exceed $150.00 in any of these delinquent cases.

Also, the court directs that Ms. Waddell shall monitor closely the payments of the debtors in each of the above cases and the debtors shall make the payments in complete conformity with the Chapter 13 plan (1) by payments to the trustee and (2) by payments direct to creditors from the date of filing to date of confirmation.

Also, the judges of this court have agreed upon a local rule of court that the Clerk shall not send out any further orders to show cause in cases where the schedules are not completely filed within a ten (10) day period following the filing of a skeletal petition, but that the Clerk shall, at the expiration of such ten (10) day period as allowed by Bankruptcy Rule 208, enter an order of dismissal as per the form to be prepared and adopted by this court. Thus, the Clerk's Office shall terminate its policy of writing requesting letters and orders to show cause after the expiration of ten (10) days to encourage debtors to file the requisite schedules.

The Clerk is directed to serve a copy of this order on Maxine J. Waddell.

IT IS SO ORDERED.

---

**3.** The court notes that the petition for attorney's fees filed by Ms. Waddell is a form peti- tion, identical to those she has filed in numerous other Chapter 13 cases.