**In re James M. NEARY and Carol Neary, Debtors.**

**Bankruptcy No. 85-03092G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 15, 1985.

Melvin E. Caine, Caine, DiPasqa, Weiss, Sloane & Nigro, Media, Pa., for movant, Sally Neary.

Richard H. Anderson, Media, Pa., for debtors, James M. Neary and Carol Neary.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue facing us is whether we should grant a creditor's motion to dismiss the debtors' chapter 13 case on the basis that the chapter 13 plan was filed with the court on the 17th day after the filing of the petition rather than within the 15 day period prescribed by Bankruptcy Rule 3015. Since the plan was apparently in the mail at the time of the expiration of the 15 day period, we will deny the motion to dismiss because such dismissal would serve no useful purpose, and would do no more than cost the debtors another $60.00 to file another petition.

The facts of this case are simply these: [1] The debtors filed a petition for the repayment of their debts under chapter 13 of the Bankruptcy Code on July 29, 1985. The debtors' plan was not filed then but was received by the Clerk's office of the Bankruptcy Court on August 15. The husband-debtor's ex-wife, Sally Neary ("Neary"), filed the motion to dismiss on August 20 due to the debtors' failure to file a timely plan. It was, admittedly, filed two days late.

Bankruptcy Rule 3015 [2] provides that a chapter 13 debtor shall file his plan at the time of the filing of the petition or within

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** Rule 3015

The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be further extended except for cause shown and on notice

as the court may direct. Every proposed plan and any modification thereof shall be dated. The clerk shall include the plan or a summary of the plan with each notice of the hearing on confirmation pursuant to Rule 2002(b). If required by the court, the debtor shall furnish a sufficient number of copies to enable the clerk to include a copy of the plan with the notice of the hearing.

Bankruptcy Rule 3015.

15 days thereafter. If a debtor moves for an extension of time prior to the expiration of the 15 day period (which, obviously, this debtor did not do), the court may grant that relief for cause shown. Bankruptcy Rule 3015. Following the expiration of the 15 day period the court may grant such relief on a showing of excusable neglect. Bankruptcy Rule 9006(b).

Bankruptcy Rule 1001 states that the Rules "shall be construed to secure the expeditious and economical administration of every case under the Code and the just, speedy, and inexpensive determination of every proceeding therein." But, if we were to dismiss the instant case, the debtors could immediately file another petition. All that this would achieve would be to cost them another $60.00 filing fee.[3] It seems to us that dismissal would achieve no substantive goal for the creditor, but would merely harass the debtors. Although dismissal is within the literal language of the Bankruptcy Rules, under the facts of this case dismissal would defeat the spirit and intent of the Rules. We will therefore enter an order denying Neary's motion for dismissal.

**3.** It does not appear that 11 U.S.C. § 109(f)  would delay the debtors' refiling.