**In re Colleen R. McCONNELL, Debtor.**

**Bankruptcy No. 7–86–00272–B.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

April 30, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtor.

Campbell & Newlon, Tazewell, Va., for Central Supply Co. of Virginia, Inc.

James E. Nunley, Bristol, Va., trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue for determination is whether Central Supply Co.'s motion to dismiss the case should be granted.

The facts appear as follows. On February 24, 1986, the Debtor, Colleen R. McConnell, filed her Chapter 13 petition in this Court. With the petition, Counsel for the Debtor filed an application for extension of time to file schedules and Statement of Affairs, requesting an additional fifteen (15) days for such filing. On February 26, 1986, the Clerk of Court issued an Administrative Order noting the deficiencies in filing. On March 13, 1986, the Clerk entered a Show Cause Order directing the Debtor to appear on April 29, 1986 to explain why the case should not be dismissed.

On April 17, 1986, Counsel for the Debtor filed the Chapter 13 Plan, as well as the requisite schedules and Statement of Affairs. Thereafter, the Clerk scheduled the § 341 Meeting of Creditors for May 29, 1986. On April 29, 1986, Counsel for Central Supply Co. filed an objection to the scheduled § 341 Meeting. Counsel also filed a motion to dismiss the case on the grounds that (1) the Debtor failed to file a Plan within fifteen days of filing of the petition, pursuant to *Bankruptcy Rule* 3015 [1], and (2) such unreasonable delay has been prejudicial to creditors.

The gravamen of Central Supply Co.'s motion is that the Debtor's failure to file the requisite Plan within the time prescribed by *Bankruptcy Rule* 3015 is sufficient "cause" under 11 U.S.C. § 1307(c) for dismissal of the Debtor's case. Section 1307 addresses conversion or dismissal in Chapter 13 cases, and provides in relevant part:

"(c) Except as provided in subsection (e) of this Section, on request of a party in interest and after notice and a hearing, the court may convert a case under this Chapter to a case under Chapter 7 of this Title, or may dismiss a case under this Chapter, whichever is in the best interests of creditors and the estate, for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; ...

(3) failure to file a Plan timely under Section 1321 of this Title; ..."

In considering the motion of a creditor to dismiss a Chapter 13 case, it is important to note that the language of § 1307(c) is discretionary. *In re Benediktsson*, 34 B.R. 349, 351 (Bankr.W.D.Wash.1983). Section

---

**1.** "FILING OF PLAN IN CHAPTER 13 INDIVIDUAL'S DEBT ADJUSTMENT CASES

The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be further extended except for cause shown and on notice as the court may direct. Every proposed plan and any modification thereof shall be dated. The clerk shall include the plan or a summary of the plan with each notice of the hearing on confirmation pursuant to Rule 2002(b). If required by the court, the debtor shall furnish a sufficient number of copies to enable the clerk to include a copy of the plan with the notice of the hearing."

1307(c) provides that the court *may*, but is not required to, dismiss or convert a case "for cause", including any of the reasons enumerated therein. This provision is in contrast to § 1307(b) where the debtor is entitled as a matter of right to obtain a dismissal at any time prior to entry of an Order of conversion. *In re Zarowitz*, 36 B.R. 906 (Bankr.S.D.N.Y.1984); *In re Gillion*, 36 B.R. 901 (E.D.Ark.1983), *rev'g* 31 B.R. 550 (Bankr.E.D.Ark.1983); *In re Merritt*, 39 B.R. 462 (Bankr.E.D.Pa.1984). Under § 1307(b), upon motion of a debtor, the court has no choice and *shall* dismiss the case. *In re Turiace*, 41 B.R. 466 (Bankr.D. Or.1984); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 428 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6383. Moreover, in taking action under § 1307(c), a court must consider what "is in the best interests of creditors".

Unreasonable delay in taking action is but one cause under § 1307(c) for which a court may dismiss the case. When Counsel for the Debtor filed the Chapter 13 petition, he requested an extension of fifteen days for filing of schedules and Statement of Affairs. Admittedly, Counsel for the Debtor was dilatory in filing of the requisite materials and the Chapter 13 Plan. However, all required documents were filed in this case prior to filing of the motion to dismiss, and the § 341 Meeting of creditors is scheduled.

In exercising its discretion, this Court believes that it would be in the best interest of all creditors for the instant case to continue. Attention is called to the case of *In re Kelsey*, 6 B.R. 114 (Bankr.S.D.Tex. 1980), in which the Bankruptcy Court for the Southern District of Texas concluded that the debtor's failure to timely file periodic reports required by 11 U.S.C. § 1304(c) was not sufficient to justify conversion of the case. The court found that the debtor's subsequent late filing did not seriously prejudice the rights of creditors. *Id.*, at 117. The late filing in the instant case has caused delay but, as in *Kelsey*, there does not appear to be any prejudice. This Court should not summarily dismiss the Debtor's case on the motion of one creditor for a procedural defect, which has subsequently been corrected, to the potential prejudice of other creditors who may have an interest in the case.

In so holding, the court does not sanction the late filing of required documents and noncompliance with Administrative Orders and appropriate rules governing procedure of this Court. We admonish attorneys, in whom debtors have placed their confidence and trust to handle matters competently, to comply with relevant time limitations of the *Bankruptcy Code* and *Rules* as well as all directives of this Court. If unable to so do, appropriate extensions should be timely requested from the Court.

Central Supply's objection to the § 341 Meeting of Creditors and the grounds stated therein will be heard in Chambers at Big Stone Gap on May 23, 1986 at 11:00 A.M.

An appropriate Order will issue disposing of the motion to dismiss.