In the Matter of Ralph H. CASTEEL, Jr., Debtor.

In the Matter of Dianne Sue RICHARDSON, Debtor.

In the Matter of Christian B. HARDER and Carol W. Harder, Debtors.

Bankruptcy Nos. GK 88–00783, GL 88–00787 and GG 88–00777.

United States Bankruptcy Court, W.D. Michigan.

May 2, 1988.

---

Edward Read Barton, Allegan, Mich., for Ralph H. Casteel, Jr., debtor.

Alexander Lipsey, Kalamazoo, Mich., for Joseph A. Chrystler, Chapter 13 Trustee in Ralph H. Casteel, Jr., debtor.

John Bolenbaugh, Lansing, Mich., chapter 13 trustee in Dianne Sue Richardson, debtor.

Raymond B. Johnson, Grand Rapids, Mich., chapter 12 trustee in Christian B. Harder and Carol W. Harder, debtors.

MEMORANDUM OPINION REGARDING POSSIBLE DISMISSALS OF CASES FOR FAILURE TO TIMELY FILE REQUISITE STATEMENTS

JAMES D. GREGG, Bankruptcy Judge.

The issue before the Court is whether certain cases should be dismissed for fail-ure to timely file statements as required by applicable Bankruptcy Rules. Because each of these cases involve very similar facts and a common issue of law, this Court has determined to address these cases in one consolidated opinion.

On March 10, 1988, a voluntary petition under Chapter 13 was filed by Ralph H. Casteel, Jr., hereinafter "Debtor Casteel." At the time the petition was filed, no Chapter 13 Statement or plan was filed. On March 30, 1988, twenty days after the filing of the petition, the Court, after reviewing its files, discovered that the required statement and plan had not been filed. Therefore, the Court, *sua sponte*, directed an order to show cause to Debtor Casteel, the Debtor's attorney, and the Chapter 13 Trustee, why the case should not be dismissed. Pursuant to the notice, a hearing was scheduled to take place on April 22, 1988 at Kalamazoo, Michigan.

On April 18, 1988, thirty-nine days after the filing of the petition, Debtor Casteel finally filed his Chapter 13 Statement and plan. At the hearing, when requested to explain the delayed filing of the required statement and plan, Edward Barton, Debtor Casteel's attorney, indicated: The petition was filed on an emergency basis because Debtor Casteel's vehicle had been repossessed; Debtor Casteel was in the process of changing his employment; Debtor Casteel was uncertain as to his future income to be received from sales commissions; he [Barton] believed, based upon past practice, that this Court would not enforce the time limitations contained in the Bankruptcy Rules to file Debtor Casteel's Chapter 13 Statement and plan.[1] After hearing this explanation, the Court took the Casteel matter under advisement.

On March 10, 1988, a voluntary petition under Chapter 13 was also filed by Dianne Sue Richardson, hereinafter "Debtor Richardson." At the time the petition was filed, no Chapter 13 Statement or plan was filed. On March 30, 1988, twenty days

---

1. The Chapter 13 Trustee in the Casteel case appeared but took no position with regard to the possible dismissal of the Chapter 13 case.

after the filing of the petition, the Court, *sua sponte*, directed an order to show cause to Debtor Richardson, the Debtor's attorney, and the Chapter 13 Trustee, why the case should not be dismissed. Pursuant to the notice, a hearing was scheduled to take place on April 25, 1988 at Lansing, Michigan.

On April 4, 1988, twenty-five days after the filing of the petition, Debtor Richardson filed her Chapter 13 Statement. On April 21, 1988, forty-two days after the filing of the petition, Debtor Richardson finally filed her plan. At the order to show cause hearing, Anderson, Stull and Kraft, Debtor Richardson's attorneys, failed to appear. Debtor Richardson also failed to appear. Therefore, the Court was unable to request any explanation regarding the delay by Debtor Richardson in filing her Chapter 13 Statement and plan.[2] At the conclusion of the hearing, the Court took the Richardson matter under advisement.

On March 9, 1988, a voluntary petition under Chapter 12 was filed by Christian B. Harder and Carol W. Harder, hereinafter "Debtors Harder." At the time the petition was filed, no Chapter 12 Statement was filed. On March 30, 1988, twenty-one days after the filing of the petition, the Court, after reviewing its files, discovered the required statement had not been filed. Therefore, the Court, *sua sponte*, directed an order to show cause to Debtors Harder, the Debtors' attorney, and the Chapter 12 Trustee, why the case should not be dismissed. Pursuant to the notice, a hearing

2. The Chapter 13 Trustee in the Richardson case opined that no attorney for the Debtor appeared at the hearing because Debtor's attorneys believed since the Chapter 13 Statement and plan had been filed prior to the hearing the default was cured and the matter was moot.

3. The Chapter 12 Trustee in the Harder case was unable to offer any explanation or opinion why the Debtors failed to timely file their Chapter 12 Statement.

4. Bankruptcy Rule 1001 applies in Chapter 13 cases. In a February 5, 1987 letter from the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States, the following was stated with regard to the Interim Rules and Forms for Chapter 12 cases:

was scheduled to take place on April 26, 1988 at Grand Rapids, Michigan.

On April 6, 1988, twenty-eight days after the filing of the petition, Debtors Harder filed their Chapter 12 Statement. At the order to show cause hearing, James Sullivan, Debtors Harder's attorney, failed to appear. Debtors Harder also failed to appear. Therefore, the Court was unable to request any explanation regarding the delay by Debtors Harder in filing their Chapter 12 Statement.[3] At the conclusion of the hearing, the Court took the Harder matter under advisement.

■ Bankruptcy Rule 1001 states as follows:

The Bankruptcy Rules and Forms govern procedure in cases under title 11 of the United States Code. The rules shall be cited as the Bankruptcy Rules and the forms as the Official Bankruptcy Forms. These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.[4]

*See also Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966).

11 U.S.C. § 521 states in pertinent part: The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

Bankruptcy Rule 1007(b)(2) states:

While these interim rules have been approved by the Advisory Committee, the courts are cautioned that the rules have not been approved by the Committee on Rules of Practice and Procedure, by the Judicial Conference of the United States, by the Supreme Court, or by the Congress. Thus, they will be binding only to the extent that they are adopted as local rules of court or are made applicable to a particular case by a bankruptcy judge in the exercise of the judicial function. This judge follows the Interim Rules and Forms for Chapter 12 cases. Pursuant to Rule 12-1 of the Interim Rules and Forms for Chapter 12 Cases, Bankruptcy Rule 1001 also applies in Chapter 12 cases.

The debtor in a chapter 13 individual's debt adjustment case, unless the court orders otherwise, shall file with the court a chapter 13 Statement conforming to Official Form No. 10 and, if the debtor is engaged in business, a statement of financial affairs prepared as prescribed by Official Form No. 8. The budget included in the chapter 13 Statement shall constitute the schedule of current income and current expenditures.

Bankruptcy Rule 1007(c) states:

The schedules and statements, other than the statement of intention, shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtor's creditors and their addresses, *within 15 days thereafter*, except as otherwise provided in subdivisions (d), (e), and (h) of this rule. In an involuntary case the schedules and statements, other than the statement of intention, shall be filed by the debtor within 15 days after the entry of the order for relief. Schedules and statements previously filed in a pending chapter 7 case shall be deemed filed in a superseding case unless the court directs otherwise. *Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice* to any committee, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to any committee, trustee, or other party as the court may direct.[5] (emphasis added).

A noted bankruptcy commentator has stated the following with respect to Bankruptcy Rule 1007(c):

The time limit for filing these papers under this Rule is fixed. The required papers must be filed either with the petition or within 15 days thereafter, provided the petition was accompanied by a list of creditors with their names and addresses. This represents a change from the pre–Code Rule which granted only a 10 day automatic extension to file the schedules. Any petition filed without these accompanying schedules is subject to and should be dismissed at the expiration of 15 days.

Norton Bankr.L. & Prac. Rule 1007, Editors' Comment (1983), p. 34 (1987–1988 ed.) (footnote omitted).

In *In re Waddell*, 21 B.R. 450 (Bankr.N. D.Ga.1982), Judge Norton faced a similar issue regarding the failure of debtors' counsel to timely file required statements and documents.[6] After scheduling fifteen order to show cause hearings *sua sponte*, the court determined that some attorneys (and one attorney in particular) were engaged in a routine practice of filing a "skeletal petition" and then not filing other required documents within the period authorized by the applicable Bankruptcy Rule. As a result of this abuse, creditors may have been prejudiced by automatic stays for periods up to three months and Section 341 meetings were apparently delayed. To correct this type of possible manipulation, the *Waddell* court determined that, if required statements and documents were not timely filed with the court in future cases, those cases would be automatically dismissed.

In each of these cases, it is incontrovertible that required statements were not timely filed. In all three cases, the statements were not filed until after the Court prepared, filed and served its order to show cause regarding dismissal.[7] The Court also notes that these Debtors' attorneys, as well as some other attorneys in this district, have failed to *timely* file required statements and plans in the past. In each of these cases, as well as in other cases, no motion for extension of time to file the

---

**5.** Bankruptcy Rule 1007(c) applies in Chapter 12 cases pursuant to Rule 12–2 of the Interim Rules and Forms for Chapter 12 cases.

**6.** Although in *Waddell* the matters were decided under previous Bankruptcy Rule 108(b), that court's discussion is apposite to current Bankruptcy Rule 1007(c).

**7.** In the Chapter 13 cases, the respective debtors likewise failed to file their plans within fifteen days after the filing of their petitions as required by Bankruptcy Rule 3015. The plans were not filed until after the Court served its orders to show cause regarding possible dismissal of those cases.

statement, for cause shown, was filed. As a result of this type of possible abuse or manipulation, in some cases a required statement is not filed until nearly 60 days after the filing of the petition. In these instant cases, the Court notes each of the Debtors received, in contravention of the Bankruptcy Rules, an additional twenty-five to thirty-nine days to file their statements. Bankruptcy Rule 1007(c) only allows an automatic fifteen-day extension. Such unauthorized extensions may result in needless delay, possible confusion, prejudice to creditors, and a waste of time and effort by the Court and parties in interest.

The language of Bankruptcy Rule 1007(c) is explicit. An extension of time to file a Chapter 13 Statement "may be granted *only* on motion for cause shown" and with notice to the trustee. Debtors and their attorneys should not ignore applicable Bankruptcy Rules. Bankruptcy Courts should not be oblivious to the Bankruptcy Rules. Parties in interest should be able to predict, with certainty, that all Bankruptcy Rules will be consistently and fairly applied.[8]

 Because, in this judge's view, the Court has apparently previously neglected to consistently and strictly follow Bankruptcy Rule 1007, the Court will not now dismiss these cases. The Court notes that the failures to timely file the required statements were cured before the commencement of the respective dismissal hearings. However, in the future, absent *extraordinary* and *justifiable* circumstances [9] beyond a debtor's control, this Court shall dismiss a Chapter 12 case or a Chapter 13 case in which the required statement is not timely filed unless a motion for extension of time to file the required statement is timely filed. Respective orders shall be entered accordingly in each of the above cases.

---

8. The Court realizes that in each of these cases the hearing regarding possible dismissal was instituted *sua sponte.* This Court believes it has the inherent power to require parties to comply with applicable Bankruptcy Rules to protect the integrity of the bankruptcy statutory system and the judicial process. *Cf. Brown v. Mitchell (In re Arkansas Communities, Inc.),* 827 F.2d 1219, 1222 (8th Cir.1987) (discussing Bankruptcy Rule 9011), (quoting *In re Silver,* 46 B.R. 772, 774 (D.Colo.1985)).

9. This judge believes that there may exist some extraordinary and justifiable circumstances which might permit some relaxation of Bankruptcy Rule 1007(c). The rules should be construed to obtain "just, speedy and inexpensive" determinations of cases, adversary proceedings and contested matters. Bankruptcy Rule 1001. However, I now decline to speculate or offer gratuitous guidance regarding what circumstances might permit some relaxation of Bankruptcy Rule 1007(c). Future determinations, if necessary, shall be made on a case-by-case basis.