**In the Matter of Isaac A. WELLING and Kim L. Welling, Debtors.**

**Bankruptcy No. 89–775–W H.**

United States Bankruptcy Court,
S.D. Iowa.

June 30, 1989.

Joseph B. Reedy, Council Bluffs, Iowa, for debtors.

Terry L. Gibson, Asst. U.S. Trustee, Des Moines, Iowa, for U.S. Trustee.

J.W. Warford, Des Moines, Iowa, Chapter 13 Trustee.

RUSSELL J. HILL, Bankruptcy Judge.

### ENROLLED ORDER—DISMISSAL

On June 6, 1989, a hearing was held on the Order to Show Cause and the United States Trustee's Motion to Dismiss With Prejudice. The following attorneys appeared on behalf of their respective clients: Joseph B. Reedy for Debtors; Terry L. Gibson, Assistant United States Trustee, for the United States Trustee; and J.W. Warford, Chapter 13 Trustee. At the conclusion of said hearing, the Court sustained the motion to dismiss.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The Court, upon review of the file and having heard the argu-ments of counsel, now enters its enrolled findings and conclusions pursuant to Fed. R.Bankr.P. 7052.

### FINDINGS OF FACT

1. On April 11, 1989, Debtors filed their voluntary Chapter 13 petition. They did not file their statement of affairs, schedules, or plan.

2. On April 12, 1989, the Court issued its order requiring Debtors to file schedules, statement of affairs, and plan no later than fifteen (15) days from the date of said order. This order was served on Debtors, their attorney, the U.S. Trustee, and the chapter trustee.

3. On April 24, 1989, the U.S. Trustee received Debtors' motion for extension of time to file schedules and plan and motion to continue the first meeting of creditors.

4. On the same date, April 24, 1989, the Assistant U.S. Trustee wrote Debtors' attorney. Debtors' motion for extension of time was returned to Debtors' counsel and Debtors' counsel was advised that said motion should be filed with the Court, not the U.S. Trustee's office. Said letter also advised counsel for Debtors that the U.S. Trustee would object to the request for a 30–day continuance but would not object to a 15–day continuance. Said letter also stated that Debtors were to commence payment within 30 days from when their plan was filed and this factor entered into the U.S. Trustee's consideration. The letter also advised that the setting of the first meeting of creditors was one of the U.S. Trustee's responsibilities, not the Court's, pursuant to 11 U.S.C. § 341(a), and suggested that Debtors' counsel amend the motion accordingly. The letter referred Debtors' counsel to applicable statutory authority. This letter was also mailed to Debtors and the chapter trustee.

5. On May 2, 1989, the Assistant U.S. Trustee sent another letter to Debtors' counsel. This letter referred to the letter of April 24, 1989, and enclosed a copy of the same. This letter went on to state that the U.S. Trustee's office had not received a reply to the letter of April 24, 1989; a copy

of the plan and schedules had not been received; and the U.S. Trustee had not been served with a copy of a motion for extension of time, which would indicate that such a motion had been filed with the Court. The letter went on to ask for a reply and stated that if none was received the U.S. Trustee would be filing a motion to convert or dismiss. This letter was also mailed to the Debtors and the chapter trustee.

6. On May 12, 1989, the Court entered its Order to Show Cause. Said Order required Debtors to appear on June 6, 1989, at 10:00 a.m. and show cause why the case should not be dismissed for failure to comply with the order of April 12, 1989. This Order was served on Debtors, their attorney, the U.S. Trustee, and the chapter trustee.

7. On May 16, 1989, the U.S. Trustee filed a Motion to Dismiss With Prejudice. This motion attached the letters of April 24, 1989, and May 2, 1989, and prayed that the case be dismissed with prejudice because of the willful failure to abide by the April 12, 1989 order. This motion was served on Debtors, their attorney, and the chapter trustee.

8. On May 17, 1989, the Court noticed the U.S. Trustee's motion to dismiss for hearing on June 6, 1989, at 10:00 a.m. Debtors, their attorney, the U.S. Trustee, and the chapter trustee were served with this motion.

9. On May 25, 1989, Debtors filed their statements and schedules, affidavit of mailing, plan, and resistance to dismissal.

10. Neither Debtors' motion for additional time to file schedules and plan nor a copy thereof have ever been filed with the Court.

11. Debtors' counsel received the U.S. Trustee's letters of April 24, 1989, and May 2, 1989, but never contacted the U.S. Trustee's office regarding these letters.

12. Debtors' counsel never checked with the Bankruptcy Clerk's office regarding the motion for additional time and did not check his file concerning the service of said motion or any cover letters to the Clerk.

13. Debtors furnished their attorney with the required information for the statement and schedules on or about May 22, 1989.

14. Debtors were involved in a Chapter 7 proceeding in 1971, in the Bankruptcy Court for the Southern District of Iowa, at Council Bluffs, Iowa.

15. Counsel for Debtors has engaged in the bankruptcy practice for approximately ten years.

16. Prior to the day of hearing, June 6, 1989, Debtors had neither made a plan payment nor offered to make such a payment.

17. The § 341(a) meeting of creditors has not been held.

## CONCLUSIONS

Two issues are presented in this case. The first is whether Debtors' case should be dismissed. If dismissed, the second issue is whether said dismissal should be with prejudice.

Bankruptcy Code § 1307(c) sets out ten non-exclusive "for cause" grounds on which the Court, upon request of a party in interest, may dismiss a case if in the best interests of creditors and the estate, including:

   (1) unreasonable delay by the debtor that is prejudicial to creditors; ...

   (3) failure to file a plan timely under section 1321 ...; ...

   (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521; or

   (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521.

11 U.S.C. § 1307(c). Dismissal under § 1307(c) is within the Court's discretion. *In re McConnell,* 60 B.R. 310, 311 (Bankr. W.D.Va.1986). Before taking action under

said section, the Court must consider whether dismissal is in the creditors' best interests. *Id.* at 312.

In addition to § 1307(c), the Court can dismiss a case under § 105(a) which provides that:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). Under said section, the Court can dismiss a Chapter 13 case sua sponte. *In re Ward,* 78 B.R. 914, 916 (Bankr.E.D.Ark.1987).

Pursuant to § 521 and Bankruptcy Rule 1007(b)(1), a Chapter 13 debtor must file a list of creditors, schedules, and statement of affairs. Bankruptcy Rule 1007(c) provides that if the schedules and statements are not filed with the petition in a voluntary case, the statement must be filed within 15 days provided the petition is accompanied by a list of creditors and their addresses. Said rule also provides that any extension of time for filing may be granted only upon motion for cause shown and upon notice.

Bankruptcy Rule 3015 provides that the Chapter 13 plan may be filed with the petition. However, if the plan is not filed with the petition, it must be filed within 15 days thereafter. This time may not be extended except for cause shown and upon notice. Once the plan is filed, § 1326(a) requires that unless the court orders otherwise, the debtor must commence making plan payments within 30 days after said filing.

Administrative Order No. X–1 requires that any application for extension of time to file lists, schedules or statements must be filed within the time allowed under Bankruptcy Rules 1007 and 9006(b). The U.S. Trustee and standing trustee must notify the clerk within 48 hours if they have any objection to the application for extension of time.

Under § 341(a) the U.S. Trustee is required to convene a meeting of creditors. Bankruptcy Rule X–1006 requires that the meeting of creditors be held not less than 20 nor more than 40 days after the order for relief. A voluntary Chapter 13 petition acts automatically as the order for relief, 11 U.S.C. § 301, 302(a), and automatically stays most actions against either the debtor or the debtor's property. 11 U.S.C. § 362. However, if the U.S. Trustee designates a place for the meeting which is not regularly staffed, said rule provides that the meeting may be held not more than 60 days after the order for relief.

In the case *sub judice* the order of April 12, 1989, required Debtors to file their schedules, statement of affairs, and plan no later than 15 days from the date of said order, thus setting the deadline date on April 27, 1989. Following receipt of the order, Debtors waited approximately 10 days and then sent a motion for extension of time to the U.S. Trustee which was received April 24, 1989. The U.S. Trustee immediately notified Debtors of the error. Debtors ignored the letter and did nothing.

Debtors contend they did nothing because they were waiting for a ruling on the motion since they had sent a copy of the motion to the Court and expected a ruling on the basis of the copy. The U.S. Trustee's second letter advised Debtors that the motion had apparently not been filed with the Court. Debtors also ignored the second letter and did not even bother to check the Court file and the supposed status of the motion for extension.

Debtors did not even file their schedules, statement of affairs, and plan when they received the Show Cause Order of May 12, 1989, a full month after the order of April 12, 1989. Instead, they waited until May 25, 1989, almost two weeks after said order, and approximately a week after U.S. Trustee's motion to dismiss for failure to comply with the order of April 12, 1989.

The creditors have been subject to the § 362 stay since the order for relief on

April 11, 1989. Debtors delayed the meeting of creditors by failing to file their statement, schedules and plan as ordered. The meeting of creditors should have been held within 60 days after the order for relief since Council Bluffs, Iowa, is not regularly staffed by the U.S. Trustee's office. Therefore, the meeting of creditors should have been held on or before June 12, 1989. The filing of statements, schedules and plan on May 25, 1989, effectively prevented and delayed the meeting of creditors.

In summary, Debtors' May 25, 1989 filing of their schedules, statement of affairs and a plan violated the Court's April 12, 1989 Order setting April 27, 1989, as the filing deadline because Debtors never filed a motion to extend time to file. The Court finds the delay unreasonable and prejudicial to the creditors, thus satisfying the requirements of § 1307(c)(1). It is also clear that Debtors failed to timely file a plan, pursuant to § 1321 and Bankruptcy Rule 3015, and schedules and statements, pursuant to § 521 and Bankruptcy Rule 1007. These failures satisfy the requirements of §§ 1307(c)(3), (9), and (10). Moreover, Debtors' failure to obey the Court's April 12, 1989 Order and violation of numerous Bankruptcy Code provisions and Bankruptcy Rules are sufficient grounds for the Court to invoke its § 105(a) power. The Court, therefore, concludes good cause has been shown for dismissal of the case.

Since Debtors' case will be dismissed, the second issue is whether said dismissal should be with prejudice. Section 109(g)(1) permits a dismissal with prejudice for willful failure of the debtor to abide by orders of the court. Under said section, "willful" conduct is defined as:

> Intentional, knowing and voluntary, as opposed to conduct which is accidental or beyond the person's control. A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated "plain indifference."

*In re Ellis*, 48 B.R. 178, 179 (Bankr.E.D.N. Y.1985) (citations omitted). If a case is dismissed with prejudice under § 109(g),

the debtor may not be a debtor under Title 11 for 180 days from the date of the dismissal order. 11 U.S.C. § 109(g).

In the case *sub judice* Debtors disregarded the Court's April 12, 1989, Order and when required to explain their reasons for doing so used the supposed motion for extension of time as an excuse, knowing full well, or reasonably knowing, that it had not been filed and reasonably knowing that such a motion was not pending before the Court.

Debtors were given sound warning by both the Court and the U.S. Trustee that they were heading for trouble. They disregarded these warnings and instead demonstrated plain indifference to the bankruptcy time requirements. Debtors chose to follow their own time schedule and file the required documents when it was to their convenience. Their conduct displays an intentional and knowing disregard of the Court's Order and the Bankruptcy Code and Rules. As a result, the Court concludes Debtors' case should be dismissed with prejudice.

## CONCLUSION AND ORDER

WHEREFORE, based on the foregoing analysis, the Court concludes good cause exists to dismiss Debtors' case and that said dismissal should be with prejudice.

IT IS ACCORDINGLY ORDERED as follows:

1) The U.S. Trustee's motion to dismiss is sustained;

2) This case is dismissed; and

3) The Debtors, Isaac A. Welling and Kim L. Welling, are enjoined from filing a case under Title 11 for 180 days from the date of this Order without prior order of the Court.