**In re Steve GREENE and Darlene Greene, Debtors.**

**Bankruptcy No. B91–10764.**

United States Bankruptcy Court, N.D. Ohio.

April 2, 1991.

Alexander Jurczenko, Cleveland, Ohio, for debtors.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

The Debtors filed the petition commencing this chapter 13 case on February 11, 1991. The petition did not include their chapter 13 statement and schedules or their reorganization plan. On February 28, 1991 the Court entered an order on the Debtors to appear on March 12, 1991 to show cause why their case should not be dismissed because of their failure to file their plan, schedules and chapter 13 statement within the time mandated by Bankruptcy Rules 3015 and 1007(c). Under both Rules 3015 and 1007 these documents were required to have been filed by Tuesday, February 26, 1991.

The show cause hearing was scheduled for the Court's regular chapter 13 motion docket. Although the Debtors did not appear, their counsel was present. However, he said that he was not aware that this matter had been scheduled for hearing on the March 12 docket and could not explain Debtors' failure to timely file their chapter 13 statement and plan. He requested the opportunity to call his office to find out what had happened. The Court granted his request and temporarily adjourned the hearing on the Debtors' case and proceeded with other matters on the docket. After counsel had checked with his office, he advised the Court that the Debtors' plan and chapter 13 statement had in fact been filed on March 7 and said that he had no excuse or explanation whatever for the nine-day filing delay after the February 26 deadline. So far as appeared, he seemed to think that the March 7 filing mooted the issue and that no excuse or explanation was necessary. In the course of a fairly lengthy colloquy, the Court expressed con-

cern with the apparently categorical language of Rule 3015 and instructed counsel to brief the issue. Counsel has not responded to that request. Therefore, the Court must decide whether to simply ignore Debtors' unexplained failure or to fashion an appropriate sanction.

### Discussion

■ The time limits imposed by Rules 3015 and 1007(c) appear mandatory. Rule 3015 provides in relevant part:

The debtor may file a chapter 13 plan with the petition. *If a plan is not filed with the petition, it shall be filed within 15 days thereafter and such time shall not be further extended except for cause shown and on notice as the court may direct.* (emphasis added)

Rule 1007(c) provides in relevant part:

The schedules and statements, other than the statement of intention, shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtor's creditors and their addresses, within 15 days thereafter, except as otherwise provided in subdivisions (d), (e), and (h) of this rule.... *Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to any committee, trustee, examiner, or other party as the court may direct.* (emphasis added)

The purpose for these deadlines is evident. Unless and until the plan and schedules are filed, creditors have no basis to come to grips with the case. The Bankruptcy Rules are designed to require debtors to prosecute their cases diligently as the price for holding creditors at bay through the automatic stay and for the other protections provided debtors in the Bankruptcy Code.

The only sanction provided for failure to meet these filing deadlines is set forth in section 1307(c) which provides:

[O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

...(3) failure to file a plan timely under section 1321 of this title;

...(9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

...

A number of courts have dismissed chapter 13 cases because of the debtor's failure to file the chapter 13 plan and chapter 13 statement within the time prescribed. In *In re Bracey,* 89 B.R. 6 (Bankr.D.Md.1988) the debtor filed his chapter 13 plan and statement, which were due on June 8, 1988, on July 21, 1988. The court, apparently acting sua sponte, rejected counsel's proffered excuse that the delay in complying with the applicable deadlines was caused by counsel's "busy schedule" and dismissed the case with a 180–day ban against refiling under section 109(g). In *In re Welling,* 102 B.R. 720 (Bankr.S.D.Iowa 1989) the court dismissed a chapter 13 case with prejudice on an order to show cause initiated by a motion of the United States Trustee. The debtors filed a chapter 13 petition on April 11, 1989, the trustee's motion to dismiss was filed on May 16 and the debtors filed their statements and schedules on May 25.

Other cases which have considered failures to meet the Rule 3015 or 1007(c) deadline have stated that the court has the discretion to dismiss the case if the plan and/or chapter 13 statement are not timely filed. In *In re Neary,* 54 B.R. 94 (Bankr.E.D.Pa.1985), the court declined to dismiss a case where the plan was filed two days after the deadline since, in that court's view, "the debtors could immediately file another petition. All that this would achieve would be to cost them another $60 filing fee." 54 B.R. at 95. The court noted, however, that dismissal was appropriate under the language of the Rules and

the Code. In *In re Cobb*, 122 B.R. 22 (Bankr.E.D.Pa.1990) the court chose not to dismiss the case after the debtor's lengthy delay in filing her plan but instead sanctioned the debtor in another manner. The court noted that "[t]he debtor is therefore fortunate that we did not and will not now exercise our power to dismiss her case sua sponte." 122 B.R. at 26.

Therefore, the cases appear clearly to support dismissal of this case under section 1307(c) if the Court in its discretion deems that course of action appropriate. Normally, the Court would not dismiss a case because of such a relatively short filing delay. Typically such delays result from neglect or inadvertence by debtors or their attorneys; the debtors or their attorneys acknowledge responsibility for the failure to meet the deadline and commit to meet future filing deadlines. If the assurances are credible and there is no evidence of abusive practice or injury to creditors, the Court has generally permitted the case to go forward. Here, the Debtors and counsel were notified that the case would be dismissed at the March 12 hearing unless cause was shown why the case should not be dismissed. The Debtors failed to appear and counsel was not prepared. Rather than dismiss the case at the hearing, the Court gave the Debtors an additional week to demonstrate that cause for not dismissing the case existed. Debtors failed to take advantage of either opportunity to avoid dismissal of this case.

This case is unique in that counsel has offered no excuse—good, bad or indifferent—for Debtors missing the deadline and no assurance, credible or otherwise, that counsel or the Debtors will meet future deadlines. Instead, counsel appears to assume that the March 7 filings cured the defaults and deprived the Court of power to deal further with the matter. This Court is not inclined to accept the proposition that a debtor may avoid a deadline with impunity where the delay is short and no party has objected. The Court is particularly unwilling to concede that it is powerless to require adherence to the deadlines in Rules 3015 and 1007(c) in a case where Debtors' counsel has in other cases exploit-

ed this Court's procedures to delay prosecution of his cases. Therefore, the Court has concluded that this case can and should be dismissed. However, in view of the fairly brief delay and the lack of evidence that creditors have been seriously inconvenienced by that delay, the Court will not dismiss the case with prejudice.

It is the Court's intent to make it clear that the strictures of Rules 3015 and 1007(c) must be complied with without unreasonably penalizing Debtors for what may well be counsel's intransigence. The Debtors, if they so choose, may file a new case. The Court's action is justified under both sections 1307(c) and 105 of the Bankruptcy Code and is not precluded by the fact that Debtors filed their plan and chapter 13 statement before the Court's show cause hearing on March 12.

■ It appears obvious on its face that the failure to meet a mandatory deadline cannot be cured by the simple expedient of filing the required papers before the Court's show cause hearing. In three of the four cases cited above the debtor or debtors had filed their plans, schedules and/or statements prior to the hearing held to consider their failure to file. Despite this, two of the cases were dismissed with prejudice. In both of the other cases the court made it clear that the mere act of late filing did not cure the default. A rule permitting late filing to cure failure to meet applicable deadlines, without regard to other considerations, would reward sloppy practice and corner cutting to the detriment of timely and diligent observance of applicable standards.

■ Counsel's apparent view that the Court lacks the power to sanction Debtors' delay may be derived from the language in section 1307(c) which premises conversion or dismissal of the case "on request of a party in interest or the United States trustee". If so, counsel has failed to keep track of the 1986 amendments to section 105 of the Bankruptcy Code adopted to make crystal clear the court's power to act sua sponte in matters of this sort. Section 105 provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. (emphasis added)

The underlined language was enacted specifically to overrule *In re Gusam Restaurant Corp.*, 737 F.2d 274 (2d Cir.1984) which denied the Court's right to convert a case sua sponte. *See* Collier Bankr. Code Pamphlet 1990–1991 page 43. So far as we can discover the courts which have considered the matter after the 1986 amendment to section 105 are unanimous in holding that the court has the power sua sponte to dismiss a case for violations of Rule 3015 or Rule 1007(c). *See, e.g., In re Welling, supra; In re Casteel*, 85 B.R. 741 (Bankr.W.D.Mich.1988).

There is a practical need for sua sponte action in matters of this sort in chapter 13 cases. In this district the United States trustee's office does not police the filing of chapter 13 statements or plans or concern itself generally with the administration of chapter 13 cases. The interest and participation of creditors in the chapter 13 process are often limited or nonexistent. The standing chapter 13 trustee has numerous administrative responsibilities and does not typically concern himself with failures to file plans and statements but leaves this to the Court. Unless the Court acts sua sponte the disregard of the deadlines imposed to speed prosecution of chapter 13 cases manifested in this case might become common practice rather than the aberration it now is. The Court's order consistent with this opinion is attached.

### ORDER

Based on Debtors' failure to comply with Bankruptcy Rules 3015 and 1007(c) and in accordance with the Memorandum of Opinion entered in this case on the date hereof,

IT IS ORDERED, ADJUDGED and DECREED that:

1. This case be, and it hereby is, dismissed.

2. Any wage order entered in this case be, and it hereby is, terminated.