ELECTRONIC CITATION: 15 FED App.0005P (6th Cir.)
File Name: 15b0005p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

In re: ERNEST KEN HENRY )
)
)
Debtor. )
) No. 15-8004
)
_____ )

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio.
Case No. 14-33789

Decided and Filed: August 3, 2015

Before: DELK, HARRISON and LLOYD, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

ON BRIEF: Scott G. Stout, Dayton, Ohio, for Appellee. Ernest Ken Henry, Springfield, Ohio, pro se.

_____

## OPINION
_____

JOAN LLOYD, Bankruptcy Appellate Panel Judge. In this appeal, Debtor Ernest K. Henry (pro se) appeals the Bankruptcy Court's Order Dismissing Case. The Bankruptcy Court held that the Debtor-Appellant failed to timely file an amended Chapter 13 plan. For the reasons set forth below, the Bankruptcy Court's ruling dismissing the case is affirmed.

# I.    ISSUE ON APPEAL

The issue on appeal is whether the Bankruptcy Court erred in dismissing the case where the Bankruptcy Court ordered Debtor-Appellant to file an amended Chapter 13 plan within two weeks of a hearing in which the Debtor-Appellant was informed of the situation and his responsibilities as a pro se debtor.

# II.    JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and none of the parties has timely elected to have these appeals heard by the district court.  28 U.S.C. §§ 158(b)(6), (c)(1).  A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1).  For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation and quotation marks omitted).

An order dismissing a bankruptcy case is reviewed under an abuse of discretion standard. *See Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007). "An abuse of discretion occurs only when the [bankruptcy] court 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *In re Bever*, 300 B.R. 262, 264 (6th Cir. BAP 2003) (quoting *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857–58 (6th Cir. BAP 1997)).  "We will find an abuse of discretion only upon a definite and firm conviction that the district court committed a clear error of judgment." *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001).  The question is not "not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision." *In re M. J. Waterman & Assocs.*, 227 F.3d 604, 608 (6th Cir. 2000).

## III.    FACTS

The following facts are undisputed:

On October 27, 2014, Debtor-Appellant Ernest K. Henry filed a Chapter 13 Bankruptcy Petition in the Bankruptcy Court for the Southern District of Ohio.  Debtor-Appellant acted without counsel and continued to act without counsel for this appeal.

On November 5, 2014, the Debtor-Appellant filed the Chapter 13 plan.  A Meeting of Creditors was held on December 2, 2014.  The meeting was continued to December 16, 2014. On December 18, 2014, the Trustee-Appellee objected to the confirmation of the plan. According to the Trustee-Appellee, the plan was not feasible because the repayment period exceeded five years and was too speculative; there was no evidence the Debtor-Appellant would be able to meet the payments required by the plan.

A confirmation hearing was held on January 8, 2015.  At this meeting, the parties discussed what the Debtor-Appellant needed to do to get the Chapter 13 plan confirmed.  As a result of these conversations, the Debtor-Appellant agreed to have his original plan denied and was given fourteen days to remedy the errors in the plan.  This arrangement was entered into the record through an order on January 9, 2015.  Debtor-Appellant could satisfy this requirement by filing an amended plan by January 22, 2015.

Debtor-Appellant maintains that an amended plan was mailed to the Bankruptcy Court on January 22, 2015, but the Bankruptcy Court never received an amended plan, nor did the Trustee-Appellee.  With nothing submitted to the Bankruptcy Court, Trustee-Appellee submitted an order for dismissal, which was entered on February 4, 2015.  Debtor-Appellant received this order dismissing the case on February 9, 2015 and immediately went to the Bankruptcy Court to rectify the error, filing amended schedules and appealing the case to the Bankruptcy Appellate Panel for the Sixth Circuit.  At this point, however, the Debtor-Appellant's bankruptcy case had been dismissed.

## IV.    DISCUSSION

Debtor-Appellant cites no legal authority justifying the position that the Bankruptcy Court's dismissal of his case should be overturned.  The proper legal standard for overturning a final order from a bankruptcy court judge is to determine if there was an abuse of discretion.  The standard for "abuse of discretion" requires that the bankruptcy judge "committed a clear error of judgment."  *Mayor of Baltimore v. West Virginia (In re Eagle-Picher Industries, Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002).  Giving as much weight possible to the arguments provided by the Debtor-Appellant, it is impossible to conclude that the bankruptcy judge acted improperly.

Debtor-Appellant's main frustration is that, despite representing himself pro se, he was held to the same standards as an attorney while not having equal access to the tools and knowledge of an attorney.  More specifically, Debtor-Appellant expresses frustration over his inability to access PACER (Public Access to Court Electronic Records) or file electronically.  A little research, however, shows that both PACER and the ability to e-file are available in the Southern District of Ohio Bankruptcy Court for limited use by non-attorney users. *See* OBTAINING AN ECF LOGIN AND PASSWORD, UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF OHIO, https://www.ohsb.uscourts.gov/ECF_Home/Obtaining_ECF_Login_and_password.aspx (last visited July 1, 2015).  Furthermore, access to PACER would not have mattered because Debtor-Appellant needed to file the amended plan and nothing in the PACER record would have assisted the Debtor-Appellant with filing the plan.  Indeed, no notice or other documentation would have appeared in PACER after the order was handed down by the Bankruptcy Court.  Debtor-Appellant knew that there was a fourteen day window to submit an altered plan after meeting with the Trustee-Appellee on January 8.  The Trustee-Appellee was extremely thorough in explaining to the Debtor-Appellant what was expected and what to file with the Bankruptcy Court.  Additionally, the Debtor-Appellant was receiving communications from the Bankruptcy Court through traditional mail.  Anything of merit would have properly been sent to Debtor-Appellant's home address.

The Debtor-Appellant knew that documents needed to be filed.  If there was any doubt that the documents would arrive through the mail, the debtor should have made arrangements to present the documents physically to the Court.  Filing requirements and deadlines are necessary to an orderly bankruptcy process.  *See generally In re Greene*, 127 B.R. 805 (Bankr. N.D. Ohio 1991).  With nothing filed, the Bankruptcy Court was justified in granting the Motion to Dismiss.

## V.  CONCLUSION

For the reasons stated, we AFFIRM the Bankruptcy Court.