**Jerry W. COUNTS and Rae A. Counts, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 85–3073
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 5, 1985.

Fred T. Goldberg, Jr., Chief Counsel, Henry G. Salamy, I.R.S., Glenn L. Archer, Jr., Michael L. Paup, Chief, Richard Farber, Nancy G. Morgan, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The Commissioner assessed a deficiency against the appellant taxpayers, Jerry W. and Rae A. Counts, for the taxable year 1980. The Counts had purported to file a joint return, but they altered their Form 1040 in several respects. They modified line 22 to read "total receipts" instead of "total income"; they entitled line 24 "nontaxable receipts" instead of "employee business expenses"; line 25 was entitled "(*Eisner v. Macomber*, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521) etc. attached" instead of "payments to an IRA"; and they added to the jurat at the end of the form: "Signed involuntarily under threat of statutory punishment. By signing this form I do not waive any of my constitutional rights." Most of their alterations were quite sophisticated and not apparent to the unaided eye. The Counts' Form 1040 indicated that they were entitled to a refund of $4,482.46.

The Commissioner determined that the Counts were liable for a considerable deficiency and additions to the tax. He treated their return as not having been filed and assessed their tax based on grades for married persons filing separately. After a hearing the Tax Court upheld the Commissioner's assessment. The Counts then took this appeal.

The Counts argue first that they are not subject to federal income taxation. The Commissioner insists the Counts' " 'tax protest' arguments have been repeatedly and uniformly rejected by every court to which they have been presented," and he is correct. The Counts' argument is frivolous and has consistently failed to prevail. *See, e.g., Simanonok v. Commissioner,* 731 F.2d 743, 744 (11th Cir.1984).

The Counts argue next that the Tax Court was incorrect in finding that their Form 1040 was not a return, that they should not have been assessed additions to tax for late filing, and that the Commissioner should have computed their tax as if they had filed a joint return. The Commissioner asserts that the Tax Court's decisions in this regard were all correct.

■ It is uncontroverted that the document the Counts filed differed significantly from a standard Form 1040.

Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply .... The purpose [of this standardization] is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished.

*Commissioner v. Lane-Wells Co.,* 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944). The Counts' Form 1040, altered as it was, was not a standard return, but rather was an attempt to circumvent the payment of taxes. The Tax Court was correct to determine that it was not a "return" as contemplated by 26 U.S.C. § 6011(a) (1982). *See Moore v. Commissioner,* 722 F.2d 193, 195 n. 2 (5th Cir. 1984); *Beatty v. Commissioner,* 676 F.2d 150, 151–52 (5th Cir.1982).

It follows logically that the additions to tax for late filing, 26 U.S.C. § 6651(a)(1) (1982), and intentional disregard of rules, 26 U.S.C. § 6653(a) (1982), were correct.

Since the return filed was a nullity, the Counts have never filed a return and are decidedly late. The manner in which they altered their form indicated an intentional disregard of the Commissioner's rules and procedures and supported the Tax Court's determination.

 Finally, there is no reason whatsoever for the Commissioner to have reassessed the Counts' taxes as if they had filed a joint return. *See* 26 U.S.C. § 6013 (1982). In analogous cases, where, for instance, the taxpayer has failed to file a return from which his tax liability can be assessed, the Commissioner is entitled to use any reasonable means to reconstruct the taxpayer's income. *Moore*, 722 F.2d at 196. It would be anomalous indeed to charge the Commissioner with the duty to compute a delinquent's taxes by the most favorable method. *See Olster v. Commissioner*, 751 F.2d 1168, 1174–75 (11th Cir. 1985).

Because no error has been shown, the judgment of the Tax Court is

AFFIRMED.