**In re Yvonne GORE, Debtor/Appellant.**

**No. 85–2654C(6).**

United States District Court,
E.D. Missouri, E.D.

May 14, 1986.

---

Thomas J. Ernst, Eileen Voss, St. Louis, Mo.

Louis Glaser, Clayton, Mo.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that the order of the United States Bankruptcy Court[1] dated November 1, 1985 *sua sponte* dismissing Debtor's voluntary petition under Chapter 13 of the Bankruptcy Code be and is affirmed.

Debtor/appellant Yvonne Gore argues on appeal that it was error for the Bankruptcy Court to dismiss her petition *sua sponte* without requiring her creditors to satisfy their burden of proving that her proposed reorganization plan provided them inadequate protection. This Court does not agree.

The petition filed by Debtor below was the third such action commenced by Debtor within a one-year period. The Bankruptcy Court dismissed both prior actions for failure to prosecute. In neither case had Debtor filed a realistic Chapter 13 Plan that would permit Court confirmation. Debtor never appeared for scheduled court hearings and failed to submit amended plans reflecting a realistic assessment of her capacity to meet her indebtedness.

The instant petition was filed below on June 18, 1985, apparently with the purpose of forestalling a foreclosure on Debtor's homestead scheduled for that date.[2] The Bankruptcy Court again declined to confirm the Chapter 13 Plan submitted with Debtor's petition because Debtor's financial statement reflected expenses greatly in excess of income and did not include a precise or feasible schedule for payment of her debts. The matter was set for a show cause hearing on August 30, 1985, and Debtor was ordered to appear to show cause why her petition should not be dismissed as not having been filed in good faith. At the conclusion of the hearing, at which Debtor was represented by counsel, the Court dismissed Debtor's case.

Chapter 13 of the Bankruptcy Code sets forth procedures for the rescheduling of personal debts. Court confirmation of a Chapter 13 Plan shall be forthcoming where the plan satisfies statutory requirements enumerated under § 1325 of the Code. Among these requirements is that the plan has been proposed in good faith. 11 U.S.C. § 1325(a)(3). This Court finds that implicit in the mandate that invocations of the equitable jurisdiction of the bankruptcy court be made in good faith is a grant of power to that court to make a finding whether the statutory standard has been met. This Court therefore concludes that the Bankruptcy Court had jurisdiction to order a dismissal of Debtor's case *sua sponte.*

This Court has fully reviewed the record below and concludes that the finding by the Bankruptcy Court of bad faith on the part of the Debtor was not clearly erroneous. Having found bad faith, the Bankruptcy Court did not err in dismissing Debtor's case.

---

1. The Honorable Robert E. Brauer, United States Bankruptcy Judge for the Eastern District of Missouri.

2. Debtor filed her petition at 5:00 p.m. on June 18, 1985. The foreclosure sale took place at noon on that day. On August 1, 1985 FNMA filed a motion to lift the automatic stay entered pursuant to 11 U.S.C. § 362 so that it could proceed with an ejectment action against Debtor. Judge Brauer lifted the stay on proceedings following a hearing on August 30, 1985.