**In the Matter of Jessie S. CRAYTON, SS# 257–27–5773, Debtor.**

**No. 93–20790.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

May 25, 1994.

Sylvia F. Brown, Chapter 13 Trustee, Savannah, GA, for plaintiff/movant.

Mary Jane Cardwell, Waycross, GA, for defendant/respondent.

## MEMORANDUM AND ORDER ON OBJECTION TO CONFIRMATION

LAMAR W. DAVIS, Jr., Chief Judge.

This matter comes before the Court on the Chapter 13 Trustee's objection to confirmation of Debtor's Chapter 13 plan. Based upon the record in the file and the applicable authorities, I make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor, Jessie S. Crayton, filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 9, 1993. A Section 341 Meeting of Creditors was convened in Debtor's case in Brunswick, Georgia, on January 13, 1994, at 10:30 a.m. Debtor, Debtor's counsel, and the Chapter 13 Trustee's counsel were present at the meeting. During testimony given by the Debtor it was revealed that he had not filed State and Federal income tax returns since 1987. The Trustee informed the Debtor that he was obligated by law to file said returns and the Debtor understood the Trustee's instructions to that effect. On February 3, 1994, Trustee filed an objection to confirmation of Debtor's plan alleging that Debtor's failure to file returns violated the good faith requirement of 11 U.S.C. Section 1325. Trustee seeks by way of the objection a denial of confirmation and a dismissal of Debtor's case.

On April 7, 1994, the Internal Revenue Service filed claims in the case within the time permitted by law asserting a general unsecured claim of $6,154.41 and an priority unsecured claim of $12,094.12. Included in the priority claim were claims for estimated liability of $5,000.00 for the tax year ending December 31, 1991, and $5,000.00 for the tax year ending December 31, 1992.

Debtor's case was called for a hearing to consider confirmation of the plan at 10:00 a.m., on May 11, 1994. Testimony at that time revealed that Debtor still had not filed returns for 1991 and 1992 and further revealed that his 1993 return, which came due on April 15, 1994, has not been filed. Debtor admitted that he understood his obligation to file the returns, admitted that he had been informed by the Trustee of the necessity of doing the same in January and testified vaguely that he had attempted to gather some papers in an effort to file the returns. There was no evidence, however, that Debtor had completed the process of gathering the information with which he could file the three returns that still remain unfiled, that he had inquired of any current or previous employer to obtain copies of his W–2 forms or other information from which his tax liability could be calculated, or that he had contacted the Internal Revenue Service to get copies of tax information from prior years or to verify exactly which years the Service had a record of his having filed returns. In short, Debtor has remained in a Chapter 13 case, protected by the automatic stay for six months without adhering to the requirements of federal tax law or making any satisfactory explanation as to why it has been impossible for him to do so.

## CONCLUSIONS OF LAW

The Bankruptcy Code expressly provides that a bankruptcy court may not confirm a Chapter 13 plan unless "the plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3). Although the term "good faith" is not defined within the Bankruptcy Code, the Eleventh Circuit has said the following about the requirement:

We hold that with section 1325(a)(3) Congress intended to provide bankruptcy courts with a discretionary means to preserve the bankruptcy process for its intended purpose. Accordingly, whenever a chapter 13 petition appears to be tainted with a questionable purpose it is incumbent upon the bankruptcy courts to examine and question the debtors motives. If the court discovers unmistakable manifestations of bad faith, as we do here, confirmation must be denied.

Unmistakable manifestations of bad faith need not be based upon a finding of actual fraud, requiring proof of malice, scienter or intent to defraud. We simply require the bankruptcy courts to preserve the integrity of the bankruptcy process by refusing to condone its abuse.

The cornerstone of the bankruptcy court has always been the doing of equity. The protections and forgiveness inherent in the bankruptcy laws surely require conduct consistent with concepts of basic honesty.

*In re Waldron,* 785 F.2d 936, 941 (11th Cir. 1986). The Eleventh Circuit has also made it clear that the good faith requirement of Section 1325 includes an analysis of the debtor's pre-petition treatment of his or her creditors. *See In re Kitchens,* 702 F.2d 885, 889 (11th Cir.1983) ("[a] bankruptcy court must consider but not be limited to the following [in determining good faith]: ... (10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealing with his creditors").

Thus, the issue in this case is whether Debtor's failure to file his federal tax returns, which he acknowledges is his obligation under federal law, manifests Debtor's bad faith in filing his Chapter 13 plan. The Internal Revenue Code imposes a duty to file federal income tax returns. *See* 26 U.S.C. §§ 6001 and 6011, and a failure to file required returns carries civil, and in some circumstances, criminal penalties. 26 U.S.C. §§ 6651 and 7203. Although an individual is not, in every circumstance, required to file a return under these provisions, Debtor has acknowledged his legal obligation to file his returns in this case.

I conclude that Debtor's failure to file his returns before filing his Chapter 13 plan, coupled with his failure for six months after filing to bring himself into compliance with federal law, constitute "unmistakable manifestations of bad faith." Debtor has enjoyed protection from collection activities by his creditors, including the IRS, while his case is pending, yet shows no sense of any duty to file his federal tax returns. Such behavior is the epitome of a lack of good faith on the part of Debtor and demands dismissal. 11 U.S.C. §§ 1325(a)(3) and 1307(c)(5); *See e.g., Matter of Coastal Nursing Center, Inc.,* 164 B.R. 788, 793–94 (Bankr.S.D.Ga.1993).

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that confirmation of Jessie S. Crayton's Chapter 13 plan is hereby denied.

IT IS FURTHER ORDERED that Jessie S. Crayton's Chapter 13 case is dismissed.