In re Evelyn V. HAHN, Debtor.

Bankruptcy No. 95–01857–6B3.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April·15, 1996.

Albert S. Lagano, Melbourne, FL, for debtor.

Brian L. Schwalb, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC and Karen Gable, Assistant United States Attorney, Orlando, FL, for the U.S.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the United States of America's Motion to Dismiss (Doc. 27A), and the Debtor's Amended Motion to Reconsider and Vacate Order Granting Motion of the United States of America for Summary Judgment on Debtor's Objection to Claim (Doc. 37). Appearing before the Court were Albert Lagano, counsel for the Debtor, Evelyn V. Hahn; and Karen Gable and Brian Schwalb as counsel for the United States of America. After reviewing the motion, argument of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Evelyn V. Hahn ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on April 18, 1995. 11 U.S.C. § 101 *et seq.* The Court entered an Order Establishing Duties of Trustee and Debtor ("Duties Order") on April 20, 1995. The Duties Order required the Debtor to file with the appropriate agency any delinquent federal and state tax returns within thirty days of the date of the Order. In addition, the Order commanded the Debtor to simultaneously provide a copy of the tax returns to the Chapter 13 trustee. The Debtor filed her Schedules and Statement of Affairs on May 3, 1995. On Schedule I, the Debtor identifies her occupation as sales manager for Harrison Conference Service of which she has been employed for nine and one-half years. The Debtor provides that she has current income of which payroll taxes are being withheld. On her Statement of Affairs, the Debtor lists as her gross income for the years 1993 through 1995 as follows:

| | |
|---|---|
| 1993: | $40,959.00 |
| 1994: | $40,000.00 |
| 1995: | $11,414.72 |

The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $32,572.19 on July 10, 1995. The Debtor filed an "Objection to United States Proof of Claim" on August 29, 1995 asserting that the proof of claim filed by the IRS was invalid because it was not filed with supporting documentation. The United States of America ("United States") filed a Motion for Summary Judgment on Debtor's Objection to Claim. On November 30, 1995, the Court entered an Order granting the Motion for Summary Judgment and overruling the Objection to the claim. (Doc. 27).

The Debtor filed a Motion for Rehearing on Order Granting Summary Judgment on Debtor's Objection to Claim on December 8, 1995 and an Amended Motion to Reconsider and Vacate Order Granting Motion for Summary Judgment on Debtor's Objection to Claim on December 26, 1995. Meanwhile, the United States filed a Motion to Dismiss on December 4, 1995 based on the Debtor's failure to file federal income tax returns for the years 1991 through 1994. In support of the motion, the United States submitted a Certification of Lack of Filing.

The Court held a hearing on January 11, 1996 on the Motion to Dismiss and the Amended Motion to Reconsider and Vacate Order Granting Summary Judgment on Debtor's Objection to Claim. The Court ruled that the Debtor had until January 31, 1996 to file tax returns for the years 1991 through 1994 and stated that the case would be dismissed if the Debtor failed to file the tax returns by that date. The Debtor filed a Notice of Compliance with Court Order and Renewed Motion to Compel the IRS to Supply Documentation to Support their Proof of Claim. The Debtor attached a document entitled "Actual and Constructive Notice of Declaration" for each year from 1991 through 1994 to the Notice of Compliance. The

Debtor refers to the declarations as statements in lieu of filing tax return forms.

On February 7, 1996, the Court held another hearing on the Amended Motion to Reconsider. The Court determined that the tax returns still had not been filed and that the statements filed by the Debtor did not comply with the forms required by the IRS. The Court finds that the Debtor's disregard of the Court's Orders and the Debtor's lack of good faith warrant dismissal of this bankruptcy case.

### CONCLUSIONS OF LAW

■ Title 26 of the United States Code pertains to the Internal Revenue Code. Section 6001 of Title 26 states that "[e]very person liable for any tax imposed by this title ... shall ... make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. § 6001. Further, section 6011 provides:

(a) General Rule.—When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

26 U.S.C. § 6011(a); *see also* Treas. Reg. § 1.6011–1 [1]. The United States of America has a "self-assessment" system which requires an individual to file a tax return. *Schiff v. United States*, No. N–86–354 (WWE), 1989 WL 119410, at *2 (D.Conn. Sep. 6, 1989), *aff'd*, 919 F.2d 830 (2d Cir.

1990), *cert. denied*, 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991).

■ Courts have continually recognized the authority to require the filing of tax returns.

Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply.... The purpose [of this standardization] is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished.

*Counts v. Commissioner of Internal Revenue*, 774 F.2d 426, 427 (11th Cir.1985) (quoting *Commissioner of Internal Revenue v. Lane–Wells Co.*, 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944)). In filing the tax return, the taxpayer must specify on the tax return the gross income amount and the deductions and credits claimed. *Sloan v. Commissioner of Internal Revenue*, 102 T.C. 137, 1994 WL 31438 (1994), *aff'd*, 53 F.3d 799 (7th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995). Further, the taxpayer must verify the tax return by written declaration that the tax return is made under the penalties of perjury. 26 U.S.C. § 6065.

■ "None of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages." *Morimoto v. United States*, 171 B.R. 85, 86 (9th Cir. BAP 1994). The Debtor has not filed tax returns for the years 1991 through 1994 as ordered by the Court. The state-

---

**1.** Section 1.6011–1 provides, in pertinent part:

(a) General rule. Every person subject to any tax, or required to collect any tax, under subtitle A of the Code, shall make such returns or statements as are required by the regulations in this chapter. The return or statement shall include therein the information required by the applicable regulations or forms.
(b) Use of prescribed forms. Copies of prescribed return forms will so far as possible be furnished taxpayers by district directors. A taxpayer will not be excused from making a return, however, by the fact that no return

form has been furnished to him.... In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative tax return is supplemented by a return made on the proper form.
Treas.Reg. § 1.6011–1.

ments in lieu of filing tax return forms do not comply with the forms required by the IRS.

In filing bankruptcy, the Debtor has sought this Court's protection from creditors, including the Internal Revenue Service. However, the Debtor has continued to ignore this Court's orders and the Internal Revenue laws in failing to file the tax returns. *Matter of Crayton,* 169 B.R. 243, 245 (Bankr.S.D.Ga. 1994) (holding, on an objection to confirmation of plan, that the debtor's failure to file tax returns before filing the Chapter 13 plan and debtor's failure for six months to comply with federal law constituted a lack of good faith sufficient to warrant dismissal of the case). The Court finds that the Debtor's failure to file tax returns for the years 1991 through 1994 demonstrates the Debtor's lack of good faith in the filing of this bankruptcy.

■ Section 1307(c) of Title 11 provides that upon the request of a party in interest or the United States trustee, a court may dismiss a case under this chapter for cause and lists a number of bases for dismissal. 11 U.S.C. § 1307(c). Although lack of good faith is not enumerated as a specific basis for dismissal, courts have recognized lack of good faith as cause for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Stathatos,* 163 B.R. 83, 87 (N.D.Tex.1993); *In re Powers,* 135 B.R. 980, 991 (Bankr.C.D.Cal.1991); *Ekeke v. United States,* 133 B.R. 450, 452 (S.D.Ill.1991) (stating that by the terms of § 1307(c), the enumerated causes of § 1307(c) are not exhaustive). Section 105 of Title 11 gives the Court the power to raise an issue sua sponte in order to enforce or implement court orders or to prevent an abuse of process. 11 U.S.C. § 105; *In re Greene,* 127 B.R. 805, 807–08 (Bankr.N.D.Ohio 1991). Therefore, the issue of good faith is properly before this Court.

Based on the Debtor's disregard of the Court's Orders and the Debtor's lack of good faith in the filing of this bankruptcy case, the Debtor's Amended Motion to Reconsider and Vacate Order Granting Motion of the United States of America for Summary Judgment on Debtor's Objection to Claim is due to be denied and the United States' Motion to Dismiss is due to be granted.

## ORDER

In conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED, and DECREED** that the Debtor's Amended Motion to Reconsider and Vacate Order Granting Motion of the United States of America for Summary Judgment on Debtor's Objection to Claim (Doc. 37) is **DENIED;** it is further

**ORDERED, ADJUDGED, and DECREED** that the United States of America's Motion to Dismiss (Doc. 27A) is **GRANTED;** it is further

**ORDERED, ADJUDGED, and DECREED** that this bankruptcy case is **DISMISSED;** it is further

**ORDERED, ADJUDGED, and DECREED** that the automatic stay imposed by 11 U.S.C. § 362 is terminated; and it is further

**ORDERED, ADJUDGED, and DECREED** that the Debtor is prohibited from filing any proceeding under Title 11 for 120 days from the date of this Order pursuant to 11 U.S.C. § 105(a).