**In re Charles D. TOBIAS, Jr. and Kay M. Tobias, Debtors.**

**Bankruptcy No. 95–5477–6B3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

April 15, 1996.

Charles D. Tobias, Jr. and Kay M. Tobias, Debtors appeared pro se.

Karen Gable, Assistant United States Attorney, Orlando, FL, for the U.S.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on a Motion by Debtors' for Reconsideration of Order Dismissing Case (Doc. 29). Appearing before the Court were Charles D. Tobias, Jr., pro se; and Karen Gable, attorney for the United States of America. After reviewing the motion, argument of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Charles D. Tobias, Jr. and Kay M. Tobias ("Debtors") filed for relief under Chapter 13 of the Bankruptcy Code on October 16, 1995. On Schedule I, the Debtors do not provide information regarding the occupations of the debtors, the name and address of their employers, and the length of time they have been employed. On their Statement of Financial Affairs, the Debtors list $77,000.00 as gross income from the beginning of 1995 until commencement of the bankruptcy case. The Debtors identify the Internal Revenue Service as a creditor holding unsecured priority claims and indicate the dates the claims were incurred as 1989, 1990, 1991, and 1992.

The Court issued an Order Establishing Duties of Trustee and Debtor which commanded the Debtors to file all previously required tax returns within thirty days of the date of the Order. On November 29, 1995, Trustee Richard A. Palmer filed a Motion to Dismiss citing the Debtors' failure to file tax returns for the years 1993 and 1994.

The Court held a hearing on the Motion to Dismiss on December 19, 1995. The Court allowed the Debtors until January 2, 1996 to file proof of filing tax returns for the years 1993 and 1994. The Debtors failed to do so. On January 10, 1996, the Court entered an Order Dismissing Case as a result of the Debtors' failure to comply with the Court's Order requiring the Debtors to provide proof of filing tax returns for the years 1993 and 1994.

The Debtors filed a Motion for Reconsideration of the Court's Order Dismissing Case. The Court conducted a hearing on the matter on January 30, 1996 and stated that reconsideration would be granted if the Debtors filed copies of the relevant tax returns by January 31, 1996. In response, the Debtors filed two affidavits but did not file copies of tax returns for the years 1993 and 1994. The Debtors attached to one of the affidavits documents which they refer to as "Actual and Constructive Notice of Declaration." The Debtors provided two separate declarations for the years 1993 and 1994. The Debtors refer to the declarations as statements in lieu of filing tax return forms. The Court held another hearing on the Motion for Reconsideration on February 16, 1996 and provided the parties seven days to submit authority for their respective positions.

The Debtors filed bankruptcy seeking relief and protection from this Court. As part of the Debtors' duties, the Court required the Debtors to provide proof of filing tax returns in the Duties Order entered on October 18, 1995. The Debtors failed to file tax returns. Thereafter, the Court provided the Debtors two separate opportunities to file tax returns for 1993 and 1994. However, each time the Debtors failed to file the tax returns. The Debtors have exhibited continual disregard for the Court's orders. The Court finds that the Debtors lacked good faith in

the filing of this bankruptcy case. The Debtors' Motion for Reconsideration shall be denied and the case will remain dismissed.

### CONCLUSIONS OF LAW

■■■ Title 26 of the United States Code pertains to the Internal Revenue Code. Section 6001 of Title 26 states that "[e]very person liable for any tax imposed by this title ... shall ... make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe." 26 U.S.C. § 6001. Further, section 6011 provides:

(a) General Rule.—When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary. Every person required to make a return or statement shall include therein the information required by such forms or regulations.

26 U.S.C. § 6011(a); *see also* Treas.Reg. § 1.6011–1(a)[1]. The United States of America has a "self-assessment" system which requires an individual to file a tax return. *Schiff v. United States,* No. N–86–354 (WWE), 1989 WL 119410, at *2 (D.Conn. Sept. 6, 1989), *aff'd,* 919 F.2d 830 (2d Cir. 1990), *cert. denied,* 501 U.S. 1238, 111 S.Ct. 2871, 115 L.Ed.2d 1037 (1991).

■■■ Courts have continually recognized the authority to require the filing of tax returns.

Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply.... The purpose [of this standardization] is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished.

*Counts v. Commissioner of Internal Revenue,* 774 F.2d 426, 427 (11th Cir.1985) (quoting *Commissioner of Internal Revenue v. Lane–Wells Co.,* 321 U.S. 219, 223, 64 S.Ct. 511, 513, 88 L.Ed. 684 (1944)). In filing the tax return, the taxpayer must specify on the tax return the gross income amount and the deductions and credits claimed. *Sloan v. Commissioner of Internal Revenue,* 102 T.C. 137, 1994 WL 31438 (1994), *aff'd,* 53 F.3d 799 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 252, 133 L.Ed.2d 177 (1995). Further, the taxpayer must verify the tax return by written declaration that the tax return is made under the penalties of perjury. 26 U.S.C. § 6065.

■■■ "None of the provisions of the Bankruptcy Code exempt a debtor from the requirements of the Internal Revenue Code that an individual must file federal income tax returns regarding any earned wages." *Morimoto v. United States,* 171 B.R. 85, 86 (9th Cir. BAP 1994). The Debtors have failed to file proof of filing tax returns as ordered by this Court. The documents presented to the Court are not forms as prescribed by the Secretary of which the Debtors have verified under penalty of perjury. Instead, the Debtors submitted affidavits of Charles D. Tobias and documents entitled "Actual and Constructive Notice of Declaration."

In filing bankruptcy, the Debtors have sought this Court's protection from creditors, including the Internal Revenue Service. However, the Debtors have continued to ig-

---

1. Section 1.6011–1 provides, in pertinent part:

(a) General rule. Every person subject to any tax, or required to collect any tax, under subtitle A of the Code, shall make such returns or statements as are required by the regulations in this chapter. The return or statement shall include therein the information required by the applicable regulations or forms.

(b) Use of prescribed forms. Copies of prescribed return forms will so far as possible be furnished taxpayers by district directors. A taxpayer will not be excused from making a return, however, by the fact that no return form has been furnished to him.... In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative tax return is supplemented by a return made on the proper form.

Treas.Reg. § 1.6011–1.

nore this Court's orders and the Internal Revenue laws in failing to file tax returns. The Court finds that the Debtors' disregard of this Court's orders as well as their duty to file tax returns is evidence that the Debtors lacked good faith in filing this bankruptcy case. *Matter of Crayton,* 169 B.R. 243, 245 (Bankr.S.D.Ga.1994) (holding, on an objection to confirmation of plan, that the debtor's failure to file tax returns before filing the Chapter 13 plan and debtor's failure for six months to comply with federal law constituted a lack of good faith sufficient to warrant dismissal of the case).

Section 1307(c) of Title 11 provides that upon the request of a party in interest or the United States trustee, a court may dismiss a case under this chapter for cause and lists a number of bases for dismissal. 11 U.S.C. § 1307(c). Although lack of good faith is not enumerated as a specific basis for dismissal, courts have recognized lack of good faith as cause for dismissal of a Chapter 13 case. *In re Love,* 957 F.2d 1350, 1354 (7th Cir.1992); *In re Stathatos,* 163 B.R. 83, 87 (N.D.Tex.1993); *In re Powers,* 135 B.R. 980, 991 (Bankr.C.D.Cal.1991); *Ekeke v. United States,* 133 B.R. 450, 452 (S.D.Ill.1991) (stating that by the terms of § 1307(c), the enumerated causes of § 1307(c) are not exhaustive). Section 105 of Title 11 gives the Court the power to raise an issue sua sponte in order to enforce or implement court orders or to prevent an abuse of process. 11 U.S.C. § 105; *In re Greene,* 127 B.R. 805, 807–08 (Bankr.N.D.Ohio 1991). Therefore, the issue of good faith is properly before this Court.

In light of the Debtors' continued indifference to the Court's orders as well as the Debtors' lack of good faith in the filing of this bankruptcy, the Motion for Reconsideration is due to be denied. The case remains dismissed for the Debtors' failure to file proof of filing tax returns for the years 1993 and 1994.