# UNITED STATES BANKRUPTCY APPELLATE PANEL

FOR THE EIGHTH CIRCUIT

No. 97-6017

| | | |
|---|---|---|
| In re: THOMAS N. BAYER | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | |
| | * | |
| THOMAS N. BAYER, | * | APPEAL FROM THE UNITED |
| | * | STATES BANKRUPTCY COURT |
| Appellant, | * | FOR THE DISTRICT OF |
| | * | MINNESOTA |
| v. | * | |
| | * | |
| PATRICA HILL, | * | |
| | * | |
| Appellee. | * | |

Submitted: July 1, 1997
Filed: August 12, 1997

Before KOGER, SCHERMER and SCOTT, Bankruptcy Appellate Panel Judges

SCHERMER, Bankruptcy Judge:

Thomas N. Bayer (the "Debtor") appeals from a bankruptcy court order dismissing his chapter 13 case for lack of good faith.  For the following reasons, we remand to the bankruptcy court for further findings on the issue of whether the Debtor proposed his plan in good faith.

I

Debtor filed a chapter 13 petition listing $226,400 in assets and $27,600 in liabilities of

which $22,500 are attorney's fees.  Of his assets, Debtor claimed $134,000 in the Winona State University Pension and Teacher's Fund Pension as exempt property.  Debtor listed no secured or priority claims.

Debtor proposed a plan in which he would pay $159.50 monthly for sixty (60) months. The monthly payment is the disposable income of the Debtor and his wife after subtracting monthly expenses ($2,542.50) from monthly income ($2,702.00).

Patricia Hill filed a $100,000 proof of claim in Debtor's bankruptcy.  Hill's claim originates from a suit she filed against Debtor in state court claiming assault, sexual battery and intentional and negligent infliction of emotional distress.  In that suit, Hill alleges that Debtor made inappropriate and sexually suggestive remarks to her while she was a student at Winona State University.  The Debtor has not responded to the suit nor has the state court entered any findings.  Ms. Hill further alleges that Debtor had non-consensual sex with her.  The state court lawsuit was pending when Debtor filed his chapter 13 petition.

Ms. Hill objected to confirmation of Debtor's proposed plan on the grounds that it was not proposed in good faith.  The bankruptcy court held a hearing on confirmation and ruled that when a creditor alleges conduct like that alleged by Ms. Hill and the debtor proposes to pay a small percentage of debt arising from that conduct, the plan is proposed in bad faith.  The bankruptcy court stated:

> . . . [R]ecognizing what the Eighth Circuit did in LeMaire and Noreen was annunciating public policy, binding precedent here, I think once you end up having conduct. . . being so abusive, whether ultimately it is physically abusive or abusive of a special confidential relationship as was the case in the Sitarz decision, and if the debtor is

2

not proposing through a plan to make the claimant substantially

> whole financially then bankruptcy affords no remedy.  The debtor has to be in bad faith, the plan can't be confirmed and the case should be dismissed. . .

Debtor appeals the dismissal of his chapter 13 case.[1]   On appeal, the Debtor argues that the bankruptcy court erred in concluding that the plan was not proposed in good faith as a matter of law.

## II

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.  Fed.R.Bankr.P. 8013.  We review the legal conclusions of the bankruptcy court de novo. First Natl' Bank of Olathe Kansas v. Pontow, 111 F.3d 604, 609 (8th Cir.1997); Estate of Sholdan v. Dietz, (In re Sholdan), 108 F.2d 886, 888 (8th Cir.1997).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985)(quoting U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).   The determination of good faith in proposing a chapter 13 plan is a factual finding reviewed under the clearly erroneous standard. Handeen v. LeMaire, (In re LeMaire), 898 F.2d 1346, 1350 (8th Cir.1990).

## III

As a requirement of confirmation, a bankruptcy court must find that a chapter 13 plan "has

---

[1] After filing his notice of appeal, the bankruptcy court granted Debtor's motion for stay pending appeal.  That stay is conditioned upon Debtor making his $159.50 monthly payments. The stay further provides that Ms. Hill may pursue her claim in state court but prevents her from enforcing any judgement.

4

been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).

This good faith inquiry turns on "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentations to the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." Education Assistance Corp. v. Zellner, 827 F.2d 1222, 1227 (8th Cir.1987) *see also* Handeen v. LeMaire, (In re LeMaire), 898 F.2d 1346, 1350 (8th Cir.1990).

In the instant case, there is no evidence in the record that Debtor misstated his expenses or debts nor is there any evidence (or even accusations) of misrepresentations to the bankruptcy court. Further, there was no objection by Ms. Hill that the Debtor's plan would not pay unsecured creditors more than they would receive in a chapter 7 case. *See* § 1325(a)(4)(the "best interest of creditors test"). Instead, the bankruptcy court determined that Debtor sought to unfairly manipulate the Bankruptcy Court by using chapter 13 to mitigate the financial impact of Ms. Hill's claim.

We cannot agree with the dissent's position that thwarting state court litigation is manifestly bad faith constituting unfair manipulation of the Bankruptcy Code. It is common for Debtors to seek refuge in bankruptcy court from a variety of state court proceedings including foreclosure actions, garnishments and tort actions. Nor can we agree that there are no special circumstances that warrant the Debtor's chapter 13 filing. Indeed, the Debtor has spent in excess of $22,000 defending himself against Ms. Hill's claims while his monthly income is $2,702.

Although we agree that the bankruptcy court properly considered

5

Debtor's pre-petition conduct in the good faith analysis, the evidence in the record does not support a finding that the plan was not proposed in good faith.  The bankruptcy court considered only the unanswered

allegations of Ms. Hill's state court lawsuit.  There has never been any

hearing or presentation of evidence with respect to her charges.  We

conclude that, absent an adjudication of culpability by the state court

of competent jurisdiction, the bankruptcy court must hold an evidentiary

hearing to determine if Ms. Hill's allegations against the Debtor have a

basis in fact.

IV

Accordingly, this case is remanded to the bankruptcy court for further findings on the

issue of whether Debtor proposed his plan in good faith.

SCOTT, J., DISSENTING.

I would affirm the judgment of the bankruptcy court on all issues and therefore dissent.

I

As noted by the Panel opinion, in order for a Chapter 13 plan to be confirmed, the bankruptcy court

must find that the plan has been proposed in good faith.  11 U.S.C. § 1325(a)(3).   In Handeen v. LeMaire (In

re LeMaire), 898 F.2d 1346 (8th Cir. 1990)(en banc), the Eighth Circuit Court of Appeals reaffirmed the

"totality of the circumstances" test enunciated in In re Estus, 695 F.2d 311, 316 (8th Cir. 1982), and set forth

"particularly relevant" factors to be applied in light of the purposes of Chapter 13, including "the type of debt

sought to be discharged and whether the debt is nondischargeable in Chapter 7, and the debtor's motivation

and sincerity in seeking Chapter 13 relief."  LeMaire at 1349.

In LeMaire, the Court found that the bankruptcy court's finding of good faith was clearly erroneous,

11 U.S.C. § 1325(a)(3), because the bankruptcy court afforded insufficient weight to (1) the fact that the debt

was nondischargeable in Chapter 7 and (2) the debtor's improper

7

motivation and lack of sincerity in filing Chapter 13.  Pre-filing conduct, including the maliciousness of injury, is also relevant.  Id. at 1352.  The weight of each factor varies with the circumstances.  Id. at 1353.  An attempt to discharge an otherwise nondischargeable debt is only one of many factors which may be analyzed in determining whether a Chapter 13 case or plan is filed in bad faith.  See generally, Handeen v. LeMaire (In re LeMaire), 898 F.2d 1346 (8th Cir. 1990)(en banc); In re Schaitz, 913 F.2d 452 (7th Cir. 1990).

I believe that the bankruptcy court did not err in determining that bad faith existed due to the debtor's unfair manipulation of the Bankruptcy Code.   In this instance, the debtor, not truly in need of reorganizing his debts, filed bankruptcy solely to avoid the consequences of merely being accused of certain horrendous activities.  Rather than awaiting the outcome of his litigation with Ms. Hill, in the midst of the state-court litigation he filed bankruptcy proposing to pay less than $10,000 over a five year period for all of his debts.  Indeed, at oral argument, it was revealed that the Debtor did not even file an answer in state court.  Instead, the Debtor instituted his bankruptcy proceeding to halt, or at least stall, state court litigation.  Since he was in no need of reorganization, that is a strong indication of bad faith.

A closer analysis, however, demonstrates egregious conduct.   In the instant case, the state court litigation was not halted, for the bankruptcy court lifted the stay in order that the state court matter could proceed to judgment.[2]  However, in the interim, the Debtor has the protection of the automatic stay and, although he may be making monthly plan payments, creditors are not being paid because the plan has not been confirmed.  The only alternative as noted by the majority in

_____

[2]The bankruptcy court subsequently stayed its order of dismissal of the bankruptcy case pending this appeal.  However, the stay order expressly permitted Ms. Hill to continue prosecuting her state court action.

8

this Panel opinion, under these circumstances is for the bankruptcy or district court to make a determination as to the unliquidated claim being asserted. This constitutes an unreasonable and unnecessary burden upon the federal court, where as here, the matter has long been pending and, in fact, is continuing in state court, a forum better suited to such issues and trials. Indeed, the bankruptcy court is not permitted to try this personal injury matter, 28 U.S.C. § 157(b)(5), and is limited to estimation of the claim which, for all practical purposes, would amount to a duplication of a trial on the merits. Court resources would be needlessly wasted and attorney fees compounded.

The debtor argues that the bankruptcy court based its decision upon unproven allegations of a sexual relationship between himself and a student. That is, the debtor asserts that the allegations of sexual misconduct should not alone be sufficient to deny confirmation. I agree that the conduct, or particularly, the allegations that such conduct occurred, are not grounds to deny confirmation. The debtor misconstrues the bankruptcy court's statements and ruling, however. It was not solely the alleged prepetition conduct of the debtor which led the bankruptcy court to the conclusion of bad faith. Rather, it was the Debtor's actions in unfairly and unnecessarily utilizing the Bankruptcy Code to further harm this creditor which led to the result. As noted by the bankruptcy court, the Debtor,

> Essentially by going into Chapter 13 before there had been those adjudications or determinations made by a nonbankruptcy tribunal [cut] that whole process short. You are cutting short the legal vindication that is being sought...

In addition to the debtor's improper motivation and unfair manipulation of the Bankruptcy Code, the record reveals that there are no special circumstances, such as inordinate medical

9

expenses, that warrant this filing.  Indeed, there are no other creditors of any import to protect.[3]  The debtor

has no secured debt, an unusual circumstance for a Chapter 13 debtor.  He has substantial equity in his assets,

including, $74,500 equity in his home.  The debtor lists $226,400 in assets, but only $27,600 in liabilities.

Of the liabilities, $22,500 are for attorneys fees.  Thus, outside of matters relating to litigation, this Debtor

owes only unsecured creditors, in a total amount of $5,100.[4]  In contrast, the plan proposes to pay less than

$10,000 over a five year period for all of his debts, not merely Ms. Hill's debt.  Under the plan, Ms. Hill,

should there be no timely objection her $100,000 claim, will obtain only approximately seven cents on each

dollar.

The filing of this bankruptcy case thwarted an attempt to liquidate an otherwise potentially

nondischargeable debt in an orderly fashion.  The record further reveals that, for a chapter 13 case, the debts

unrelated to the state court litigation are minute.  Accordingly, the bankruptcy court properly drew the

conclusion that this was solely a litigation tactic.

It is axiomatic that the remedy of bankruptcy relief is available to all eligible debtors and  the "fresh

start" is reserved for the honest but unfortunate debtor.  Chapter 13 relief is not available to those who file in

bad faith.   Bankruptcy relief is not available to those whose sole purpose is to thwart a particular claimant

where no other relief is even needed.  As the bankruptcy court stated:

---

[3]Indeed, the effect of this case upon the other unsecured creditors exemplifies the unfair manipulation of the Bankruptcy Code.  Not only did the Debtor attempt to stall the state court litigation, but the continuation of these proceedings, with the stay pending appeal in effect, serves to delay payment to all other creditors listed on the petition.  This is so because, although he is making monthly plan payments, no distribution can be made while there is no confirmed plan.

[4]Although the state court litigation is listed in the schedules, the Debtor does not schedule any amount for Ms. Hill's unliquidated claim.  Ms. Hill filed a proof of claim in the amount of $100,000.

> The legal system is there for the redress of those kinds of terrible intentional wrongdoings and that it serves that function and that [the] bankruptcy system shouldn't stand in and cut that process short.

Thus, the bankruptcy court not only properly considered Debtor's alleged pre-petition conduct in the good faith analysis, LeMaire, 898 F.2d at 1352, but the evidence in the record also supports a finding that the plan was not proposed in good faith. The bankruptcy court concluded that the filing of the bankruptcy case constituted an unfair manipulation of the Bankruptcy Code not that the debtor was attempting to discharge an otherwise nondischargeable debt. The bankruptcy court was well aware that there had been no adjudication on the merits of the state court allegations against the debtor. Rather, it was the debtor's attempt to subvert the orderly adjudication of the state court complaint, when no other debt relief was really needed, that resulted in dismissal for unfair manipulation and bad faith.

II

The bankruptcy court made its findings upon the briefs of the parties and the Court file, which was before him pursuant to the bankruptcy court's independent duty to determine good faith during the confirmation process. 11 U.S.C. § 1325(a)(3). Of course, a determination of good faith is reviewed under the clearly erroneous standard. Noreen v. Slattengren, 974 F.2d 75, 77 (8th Cir. 1992). Further, in Noreen, the Eighth Circuit expressly stated that neither the statutes nor the case law "requires a hearing every time the issue of good faith is raised in a Chapter 13 proceeding. The bankruptcy court, exercising its sound discretion, is in the best position to determine when an evidentiary hearing on the issue of good faith is necessary." Id at 76. While the factual nature of the good faith determination may in many instances indicate the necessity for

11

a hearing, the bankruptcy court did not abuse its discretion in not holding an evidentiary hearing in this particular case. The record is clear, and, indeed, undisputed, that the debtor does not seek the protection of the bankruptcy court to reorganize his debts. Rather, he seeks to thwart particular state court litigation, a manifestly bad faith purpose constituting unfair manipulation of the Bankruptcy Code.

### III

Despite the fact that Hill's objection to confirmation did not contain a request for dismissal of the case, the bankruptcy court, at the conclusion of the properly noticed confirmation hearing, dismissed the case sua sponte. Although there is no Eighth Circuit authority on this issue, it was not only appropriate, it was within the bankruptcy court's authority, to dismiss the case.

Section 1307(c) provides for dismissal of a case upon the a request of a party in interest or the United States trustee and after notice and hearing. Although section 1307 does not provide for dismissal absent a request by either a party in interest or the United States trustee, the 1986 amendments to the Bankruptcy Code were "adopted to make crystal clear the court's power to act sua sponte in matters of this sort." In re Greene, 127 B.R. 805, 807 (Bankr. N.D. Ohio 1991). Section 105(a) provides that,

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Indeed, this language was specifically enacted to overrule the result in a similar situation, In re Gusam Restaurant Corporation, 737 F.2d 274 (2d Cir. 1984), in which the Second Circuit held that the bankruptcy court did not have the right to convert a case, sua sponte. Greene, 127 B.R.

at 808. Based upon the express and specific language of section, 105(a), it is well settled that the bankruptcy court has the authority to dismiss a case <u>sua sponte</u>. <u>Id</u>. at 808 ("So far as we can discover the courts which have considered the matter after the 1986 amendment to section 105 are unanimous in holding that the court has the power sua sponte to dismiss a case for violations of Rule 3015 or Rule 1007(c)."); see <u>Matter of Hammers</u>, 988 F.2d 32, 34-35 & n.7 (5th Cir. 1993)(<u>sua sponte</u> dismissal of Chapter 13 case was not a violation of due process where notice of the issues provided to debtor); <u>In re Gore</u>, 60 B.R. 869 (E.D. Mo. 1986); <u>In re Bourque</u>, 153 B.R. 87 (Bankr. D. Mass. 1993); <u>In re Welling</u>, 102 B.R. 720, 722 (Bankr. S.D. Iowa 1989); <u>In re Ward</u>, 78 B.R. 914, 916 (Bankr. E.D. Ark. 1987); <u>see also</u> <u>In re Hahn</u>, 200 B.R. 249 (Bankr. M.D. Fla. 1996); <u>In re Tobias</u>, 200 B.R. 412 (Bankr. M.D. Fla. 1996). Accordingly, there was no error in dismissing this Chapter 13 case <u>sua sponte</u>.

IV

Accordingly, I would affirm the judgment of the bankruptcy court.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL, EIGHTH CIRCUIT