T.C. Memo. 1999-281


UNITED STATES TAX COURT


RICHARD ANDREWS AND L. SCOTT-ANDREWS, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12628-98.                     Filed August 24, 1999.


     Ps filed a document purporting to be their 1995 Federal
income tax return; Ps' so-called return was filed on plain
sheets of paper.  The IRS did not process the document as a
return because it did not include sufficient information.  R
determined an income tax deficiency, an addition to tax
under sec. 6651(a)(1), I.R.C., and an accuracy-related
penalty under sec. 6662(a), I.R.C., for the 1995 taxable
year.  Ps have conceded the deficiency and addition to tax
under sec. 6651(a)(1), I.R.C., as determined by R.  <u>Held</u>:
Ps' putative return of tax not filed on the proper form
prescribed by the Secretary, and carrying a disclaimer that
it is not intended in any way as a self-assessment of tax,
is not a Federal income tax return.  See <u>Commissioner v.
Lane-Wells Co.</u>, 321 U.S. 219, 223 (1944).

     <u>Held</u>, <u>further</u>, Ps are not liable for the accuracy-
related penalty under sec. 6662(a), I.R.C., for their 1995
taxable year because they did not file a Federal income tax
return for that year.  See sec. 6664(b), I.R.C.

Richard Andrews and L. Scott-Andrews, pro se.

Jordan S. Musen, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

NIMS, Judge: Respondent determined a deficiency, an addition to tax, and a penalty for 1995 with respect to petitioners' Federal income taxes as follows:

| Year | Deficiency | Addition to tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|------------|---------------------------------|----------------------|
| 1995 | $14,075 | $2,781 | $2,225 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts are rounded to the nearest dollar.

Petitioners have conceded liability for the deficiency and addition to tax under section 6651(a)(1) as determined by respondent.  Moreover, respondent has conceded that petitioners are entitled to deductions for interest and State income taxes paid. After these concessions, the sole issue for decision is whether petitioners are liable for the accuracy-related penalty under section 6662(a).

FINDINGS OF FACT

At the time the petition was filed, petitioners resided in Carson, California.

Petitioners filed a document (Document) with the Internal Revenue Service (IRS) which purported to be their 1995 Federal income tax return on six sheets of plain paper. The first page of the Document bears a date stamp from the Fresno Service Center showing that it was received on February 23, 1997. The Document states on the first page in pertinent part:

> Note: This statement is prepared pursuant to the provisions of 26 USC § 6011(A) with full reservation of all of the right's of declarant in law, equity and all other natures of law. A declaration of exemption accompanies this statement. Declarant submits the information hereinafter set forth only to avoid sanction which might arise as a consequence of any determination or claim to the effect that declarants is [sic] required by law to make a return or statement. It is not a concession or admission of any tax payment obligation. * * * It is submitted in a good faith effort to supply all information which may be deemed relevant to the procurement of full restitution of money's had and received by the United States from declarant after deduction of monies lawfully owed, if any, by declarant. It is not intended in any way, and should not be construed, as a self-assessment. Since declarant is unaware of any official form which is properly addressed to the foregoing purposes, this unofficial form is submitted in accordance with the provisions of 26 CFR § 1:6011-1(b) [sic], and is made pursuant to the ruling of court in Zellerbach Paper Co. vs. Helverius [sic] 293 US 172, and Denman V. Motter 44 f2d 648.

The Document contains the names, address, Social Security numbers, and dependents of petitioners. The Document further indicates that petitioners were filing jointly. Petitioners signed the Document under penalty of perjury. Schedule A of the

Document, titled "Gross Receipts", lists compensation income of $79,914. Schedule B of the Document, titled "Expenditures", lists Federal and State withholding taxes in the respective amounts of $4,844 and $1,078, Social Security taxes paid in the amount of $3,856, and child care expenses of $4,800. On the final page, petitioners make a demand for restitution from the United States for all taxes paid less all sums owed. Petitioners submitted Forms W-2 with the Document. Petitioners never filed a return for their 1995 taxable year on Form 1040.

The IRS did not process the Document as a return because it did not include sufficient information.

Respondent mailed the notice of deficiency on April 16, 1998.

OPINION

Respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a) in the amount of $2,225. Section 6662(a) imposes an accuracy-related penalty of 20 percent on any portion of an underpayment of tax that is attributable to items set forth in section 6662(b). Section 6662(b)(1) applies section 6662(a) to any portion of an underpayment attributable to negligence or disregard of rules or regulations.

However, the accuracy-related penalty under section 6662(a) may only be imposed "in cases where a return of tax is filed

(other than a return prepared by the Secretary under the authority of section 6020(b))." Sec. 6664(b). Respondent took the position in his trial memorandum that the section 6662(a) accuracy-related penalty applies in this case notwithstanding that petitioners have failed to file a return for their 1995 taxable year. In addition, respondent elicited testimony from Lisa Zannitto, the IRS's Chief of Case Processing, Southern California Appeals, that the Document submitted by petitioners was not processed as a return because it did not contain sufficient information to constitute a return. On his brief, respondent now takes the position that the Document does constitute a return for purposes of sections 6664(b) and 6662(a).

Section 6011(a) requires taxpayers to file a return or statement according to the forms and regulations prescribed by the Secretary. Describing the statutory mandate, the U.S. Supreme Court in Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944), stated:

> Congress has given discretion to the Commissioner to prescribe by regulation forms of returns and has made it the duty of the taxpayer to comply. It thus implements the system of self-assessment which is so largely the basis of our American scheme of income taxation. The purpose is not alone to get tax information in some form but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying returns may be readily accomplished. * * * [Id. at 223.]

The regulations implementing the statutory mandate under section 6011(a) provide in pertinent part:

(b) Use of prescribed forms.  Copies of the prescribed return forms will so far as possible be furnished taxpayers by district directors.  A taxpayer will not be excused from making a return, however, by the fact that no return form has been furnished to him.  Taxpayers not supplied with the proper forms should make application therefor to the district director in ample time to have their returns prepared, verified, and filed on or before the due date with the internal revenue office where such returns are required to be filed.  Each taxpayer should carefully prepare his return and set forth fully and clearly the information required to be included therein.  Returns which have not been so prepared will not be accepted as meeting the requirements of the Code.  In the absence of a prescribed form, a statement made by a taxpayer disclosing his gross income and the deductions therefrom may be accepted as a tentative return, and, if filed within the prescribed time, the statement so made will relieve the taxpayer from liability for the addition to tax imposed for the delinquent filing of the return, provided that without unnecessary delay such a tentative return is supplemented by a return made on the proper form.  [Sec. 1.6011-1(b), Income Tax Regs.]

Thus, in order to constitute a return for purposes of section 6011(a), the regulations require the use of the proper official form.  See Beard v. Commissioner, 82 T.C. 766, 775-776 (1984) (also recognizing that "the only permissible exception to the use of the official form has been the permission, granted * * * to tax return preparers * * * to reproduce and vary very slightly the official form pursuant to the Commissioner's revenue procedures."), affd. per curiam 793 F.2d 139 (6th Cir. 1986).  While the regulations also grant the Commissioner authority to accept a substituted provisional form, the Commissioner is certainly not required to accept any document submitted in lieu of a proper official form.  If the Commissioner were obligated to

do so, the business of tax collecting would result in insurmountable confusion. See Parker v. Commissioner, 365 F.2d 792, 800 (8th Cir. 1966) (holding that the filing of a return on a plain piece of paper, instead of on the correct printed form, is not a return), affg. in part and revg. in part on other grounds and remanding Foundation for Drive Meditation, Inc. v. Commissioner, T.C. Memo. 1965-77. Even if the taxpayer files his return on the proper form, we have held that an altered Form 1040 does not constitute a return for purposes of section 6011(a). See Sloan v. Commissioner, 102 T.C. 137, 146-147 (1994), affd. 53 F.3d 799 (7th Cir. 1995); Beard v. Commissioner, supra at 777; see also Counts v. Commissioner, 774 F.2d 426, 427 (11th Cir. 1985), affg. per curiam T.C. Memo. 1984-561.

But regardless of all other defects, petitioners' Document cannot qualify as a return because petitioners' disclaimer vitiates the Document at its core. The Document is rendered useless by petitioners' statement on the first page that the Document "is not intended in any way, and should not be construed, as a self-assessment."

As a result of the disclaimer, it is doubtful that the IRS can assess any tax on the basis of the Document. The Internal Revenue Code provides, in section 6201(a), that "The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns * * * are made under * * * [the

Internal Revenue Code]." (Emphasis added.) In this case, petitioners, by reason of the disclaimer, have not self-assessed any tax on the basis of the Document, which cannot therefore qualify as a return. See <u>Sloan v. Commissioner</u>, <u>supra</u>.

Since petitioners did not file a return for their 1995 taxable year, section 6664(b) prevents imposition of the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.
